## JOHN S. BRIEN *v.* R. PERCY SARGENT.

A purchaser at public sale who shows a judgment, execution and Sheriff's deed in the usual form has an apparently just title, under which to prescribe, notwithstanding informalities in the sale unknown to him, if he possesses long enough under such title before the informalities are declared by suit to set aside the sale.

APPEAL from the District Court of the Parish of Madison, *Farrar*, J. *Harrison & Sawyer*, for plaintiff and appellant. *A. Snyder*, for defendant.

SPOFFORD, J. This is an action to annul a Sheriff's sale and to recover certain lands in the parish of Madison, alleged to be held by the defendant under mesne conveyances from the purchaser at said Sheriff's sale.

The judgment against the present plaintiff, under which the lands in question were sold, is admitted to have been valid. The only objections to the sale that need be noticed, because the only ones pleaded, are, that a curator *ad hoc*, appointed to defend the suit, was not the proper person to be served with notice of seizure, and, that, if he were, no proper service was made upon him.

The defendant pleaded specially the prescription of five and ten years; the cause was tried upon that plea only, and decided in favor of the defendant.

The plaintiff and appellant complains that the District Judge erroneously refused to admit evidence that he was in actual possession of the premises in 1843. That evidence was irrelevant and unnecessary, for the Sheriff's sale, which forms the basis of the defendant's title, did not take place until 1845, and it is admitted that the plaintiff was in possession up to the date of the seizure, which preceded that sale.

The argument of the defendant is, that by the act of seizure that possession was divested and, by the Sheriff's sale, transferred to his author, the purchaser at said sale. And so the record shows. If, then, the informalities charged as to the notice of seizure are truly charged they do not repel the plea of prescription.

For it is settled, that a purchaser at public sale who shows a judgment, execution and Sheriff's deed, in the usual form, has an apparently *just title* under which to prescribe, notwithstaneing informalities in the *sale*, unknown to him, if he possesses long enough under such title before the informalities are declared by suit to set aside the sale. *Walton* v. *Canfield*, 2 Rob., 468, affirmed in *Leduf* v. *Bailly*, 3 An. 8.

The Sheriff's deed to defendant's author is dated on the 3d March, 1845. Citation in this case was served on the 23d June, 1857. Upwards of twelve years intervened, a period sufficient to perfect prescription, counting the term, as against the plaintiff, prior to the statute of March 14th, 1848, p. 60, at twenty, and since then at ten years. C. C. 3437.

There is no evidence to impeach the good faith of the defendant or his authors; a commencement of possession being shown by the Sheriff's return, and present possession being declared by the institution of this suit, a continuity of such possession may be fairly inferred from the plaintiff's allegation that "the defendant holds said lands by mesne conveyances under said Sheriff's sale, and has derived and continues to derive large profits therefrom."

Judgment affirmed.