Statement of Lease.
MONROE, J.
This is a petitory action for the recovery of certain real estate in Shreveport (described as “Lot 23” in 10 acre lot 2), concerning which the evidence and admissions in the record show that in 1887 it was purchased by plaintiff, a married woman, by *311 :an act which recites that the purchase was made with her paraphernal funds, and hy way of compromise of a claim of ownership which she had set up; that in 1888 it was •donated by her to her husband, who, in 1891, mortgaged it to secure $400, borrowed by him from the defendant Loeb; that in 1892 it was •sold by the sheriff in satisfaction of the mort:gage thus granted, under a writ of seizure •and sale issued pursuant to an order made by the court a qua, and was purchased by defendant, who had been in open, peaceable, uninterrupted possession as owner under the title so acquired for more than 13 years at the time that he was disturbed by this suit. It may be added that neither the act of mortgage aboye mentioned nor the sheriff’s deed recite the manner in which the property had been acquired by the mortgagor and seised ■debtor, and that there is no evidence in the record showing that defendant, Loeb (who is the only party defendant who has a real interest) knew that it had been acquired by donation. Among other defenses, the plea of the prescription of 10 years, acquirendi causa, was set up, and plaintiff prosecutes this appeal from a judgment maintaining, the same.
Opinion.
It is said by the learned counsel for plaintiff that as the law provides that “all donations made between married persons, during marriage, though termed inter vivos, shall always be revocable,” the prescription relied •on can have no application, since, to apply it, would be to defeat the donor’s right to revoke, and, in effect, to amend the law so as to make it read “shall always be revocable, save against third persons acquiring title by prescription.” The effect of the prescription is, however, to establish as valid the title •of the defendant, provided that title be “just,” and whether it be just or not depends upon the title itself, and the circumstances under which it may have been acquired and held, .and not necessarily upon the title of its supposed author. In fact, the prescription in question finds its ordinary application in cases where the apparent title established by it is derived from one who held no title whatever, and it would seem that it ought not to be the less applicable, because the ax>parent title so established is derived from one who held a title though defeasible, or revocable. This appears evident from the language of the Civil Code, to wit:
“Art. 3478. He who acquires an immovable in good faith and by a just title, prescribes for it in ten years.”
“Art. 3433. To be able to acquire by the species of prescription mentioned in this paragraph, a legal and transferrable title of ownership in the possessor is necessary; that is what is called in law a just title.
“Art. 3484. By the term just title, in cases of prescription, we do not understand that which the possessor may have derived from the true, owner, for, then, no true prescription would be necessary, but a title which the possessor may have received from a person whom he honestly believed to be the real owner, xjrovided the title were such as to transfer the ownership of property.
“Art. 3485. And in this case, by the phrase, transfer the ownership of the property, we understand, not such a title as shall really have transferred the ownership of the property, but a title which, by its nature, .would have been sufficient to transfer the ownership of the property, provided it had been derived from the real owner, such as a sale, exchange, legacy, or donation.”
These articles must be construed with article 2452, which provides that “the sale of a thing belonging to another is null,” and with article 1749, which provides that interspousal donations “shall always be revocable,” and, so construed, have the effect of modifying those articles to the extent suggested by . counsel for the plaintiff, otherwise, they would be given full effect and the others would be given no effect at all. The question, then, is, did the defendant acquire and hold the property by a “just title”? And we think that question must be answered in the affirmative, since he exhibits a sheriff’s deed, valid in form and translative of property, a writ directing the sheriff to seize and sell, and a judgment of a competent court authorizing the issuance of the writ, and it is well *313 settled that such muniments establish a just title, which may serve as the basis of the prescription invoked. Walden v. Canfield, 2 Rob. 466; Leduf et al. v. Bailly, 3 La. Ann. 8; Brien v. Sargent, 13 La. Ann. 198; Roberts v. Zansler, 34 La. Ann. 209 ; Stackhouse v. Zuntz, 41 La. Ann. 415, 6 South. 666. Beyond this, it is undisputed that defendant had been in possession, as owner, under the title in question, peaceably, openly, and uninterruptedly, for more than 10 years prior to the institution of this suit, and, in the absence of both allegation and proof that he was aware of the character of the title held by his mortgagor and seised debtor, he is entitled to the benefit of the provision -of the Code which reads:
“Art. 3481. Good faith is always presumed in matters of prescription, and he who alleges bad faith in the possessor must prove it.”
The judgment appealed from is accordingly affirmed.
NICHOLLS, J., takes no part, not having been present at the argument.