(83 South. 685)

No. 23000.

COUSIN v. ST. TAMMANY BANK & TRUST CO.

(March 3, 1919. On Rehearing, Dec. 1, 1919. Rehearing Denied Feb. 2, 1920.)

*(Syllabus by Editorial Staff.)*

1. COURTS ⬥224(11)—WHERE TITLE TO PROPERTY VALUED AT $2,500 IS IN ISSUE SUPREME COURT HAS JURISDICTION.

In proceedings by plaintiff wife to restrain sale of property seized in executory proceedings on a mortgage note, where plaintiff claims as her paraphernal estate the property seized as belonging to her husband, the issue is as to her ownership of the property, and the Supreme Court has jurisdiction of appeal, though petition does not allege any value; an affidavit filed in the district court and made by plaintiff and her husband fixing value at $2,500.

2. HUSBAND AND WIFE ⬥129(5)—WIFE WHO ASSURES BANK LOANING MONEY SECURED BY MORTGAGE ON LAND THAT LAND IS COMMUNITY PROPERTY CANNOT CLAIM IT AS PARAPHERNAL ESTATE.

Where husband donated to his wife certain funds and property and she and he, after she had purchased land in question, assured bank that the property belonged to the community and made affidavit that she had never owned any paraphernal property, and the bank, before making loan to husband and taking a mortgage to the property, required the wife to make a donation inter vivos to her husband of the property to be mortgaged to secure the loan, *held*, that the wife was not entitled to have sale of property seized in executory proceedings on mortgage note restrained.

3. HUSBAND AND WIFE ⬥52 — EFFECT OF REVOCATION OF DONATION.

Granting that donation by husband to wife vested title in her, the donation was revocable at any time (Civ. Code, art. 1749), and the effect of revocation was to restore the rights of the donor as completely as if no donation had ever been made, and even mortgages and other incumbrances and alienations made by the donee were canceled by the revocation.

4. HUSBAND AND WIFE ⬥52—DONATION BY HUSBAND TO WIFE WAS REVOKED MAKING SUBSEQUENT MORTGAGE BY HIM VALID.

Since the property in contest was acquired by the wife with funds arising from the donation to her by her husband, where she later donated a part of it to him he appearing and formally accepting, and he thereupon placed a mortgage upon it in favor of a bank, the effect was to revoke his original donation, at least to the extent of the funds which went to pay for the property, and anything which thereafter took place could not operate to the prejudice of the rights of the bank.

O'Niell, J., dissenting in part.

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; Prentiss B. Carter, Judge.

Action by Mrs. Eugenia Cousin against the St. Tammany Bank & Trust Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Hiddleston Kenner, of New Orleans, for appellant.

Lewis L. Morgan and J. Monroe Simmons, both of Covington, for appellee.

O'NIELL, J. Plaintiff appeals from a judgment dissolving a writ of injunction and rejecting her demand to prevent the sale of property seized in executory proceedings on a mortgage note for $1,740. The executory proceedings were brought against her husband. She claims that the property seized is her separate property, not the property of her husband nor of the marital community. But the property itself is not in contest, except in so far as the defendant bank is attempting to subject it to the payment of the mortgage note. The only matter in dispute, therefore, is the validity of the mortgage held by the defendant bank, the amount of which does not exceed $2,000. This court has jurisdiction in such cases only when the amount in

dispute exceeds $2,000, exclusive of interest. Const. art. 85.

The doctrine of the decisions cited in Lhote & Co. v. Church Extension Society, 115 La. 487, 39 South. 502, to the effect that when a third person, claiming the property seized, attempts to prevent execution of the judgment, the issue is as to the ownership of the property seized, and its value is the test of jurisdiction, has no application to this case; because the only contest here is between the St. Tammany Bank on the one side and Mr. and Mrs. Cousin on the other side. He agrees in her contention that the property belongs to her alone, and he testified accordingly. She did not obtain or ask for the authorization of the judge to prosecute the suit, nor did she allege that there was or would be a contest or conflict of interest between her and her husband. The only matter in dispute between the bank on the one side and Mr. and Mrs. Cousin on the other side of this contest is the validity of the mortgage for $1,740. Whether the property seized belongs to Mr. Cousin or to Mrs. Cousin is a question which they do not dispute, and with which the bank is concerned only to the extent of $1,740—not to the extent of the value of the property.

It is ordered that the case be transferred to the Court of Appeal, First circuit. Appellant is to pay the costs of this appeal; all other costs are to depend upon the final judgment.

PROVOSTY, J. (dissenting). The question at issue is as to whether the property belongs to the plaintiff in injunction or to her husband. The validity of the note given by the husband is not contested, and, besides, the plaintiff would be without standing to litigate that issue. Where the property seized is claimed by a third person as not belonging to the seized debtor but to the claimant, the test of jurisdiction is the value of the property. Lhote & Co. v. Church Extension, 115 La. 487, 39 South. 502, and cases there cited.

I therefore respectfully dissent.

### On Rehearing.

DAWKINS, J. [1] In the opinion heretofore handed down we decided that we were without jurisdiction, ratione materiæ, in this case, upon the theory that it was the validity of the mortgage for $1,750 which was in contest instead of the ownership of the property, which is shown to be worth more than $2,000. A further consideration has convinced us that we were in error. Plaintiff, a wife, claims as her paraphernal estate certain property seized under executory process as belonging to her husband. Therefore the question at issue is as to her ownership, and which she asks be recognized, and not that the mortgage be annulled. Although the petition for injunction does not allege any value, an affidavit filed in the district court and made by plaintiff and her husband fixes it at $2,500. This, we think, was sufficient. Testart v. Belot, 32 La. Ann. 604; Thompson v. Lemelle, Id. 932; Wickham and Pendleton v. Nalty, 42 La. Ann. 424, 7 South. 609; and State ex rel. v. Judge, 20 La. Ann. 575.

At the time our former decision was rendered no formal motion to dismiss had been filed, but this has since been done, and for the reasons assigned the motion to dismiss is overruled.

### On the Merits.

Defendant denies plaintiff's ownership and claims that the property belongs, or did at the time it was mortgaged, to the community of acquêts and gains existing between Mrs. Cousin and her husband. It also pleads estoppel upon grounds which we shall hereafter discuss, and prays for judgment in the sum of $214 as damages for the alleged wrongful issuance of the injunction.

There was judgment in the court below for defendant, dissolving the injunction and allowing damages to it for the sum of $164.

Plaintiff has appealed.

## Opinion.

Plaintiff, Mrs. Cousin, owned at the time of her marriage some nine or ten head of cattle, all of which, save two, were afterwards sold and the proceeds used by her husband, Nemoure Cousin. The remaining two were sold by plaintiff, individually, for some $25 or $30, and the price was paid to her.

In 1904 plaintiff's husband donated to his said wife funds and property, aggregating in value the sum of $2,150, and included therein was a small mercantile business in the village of Lecombe, valued in the donation at $1,200. Plaintiff operated the business for about a year and then sold it at a price of "$490 or $590." About this time plaintiff acquired certain tracts of timber, some of which she sold for mill purposes and other portions she had cut into wood and sold.

On August 6, 1907, she bought the land in contest in this case from the Salmen Brick & Lumber Company for the price of $382.50, and the deed recited that she was purchasing with her paraphernal funds under her separate control. Subsequently, in 1908 and 1909, a number of improvements were placed thereon, and all bills for labor, materials, etc., were rendered and paid in her name.

[2] Plaintiff's husband had, prior to March 9, 1911, been doing business with defendant bank, and on or about that time applied to it for a loan of some $500 or $600, which, after some negotiations, it agreed to make, if proper security were furnished. A mortgage upon the property here involved was offered, but, on investigation, declined by the bank, through its president, Harvey E. Ellis, who was also a lawyer, for the reason that the property stood in the name of Mrs. Cousin, with the deed reciting that it had been acquired with her paraphernal funds. Thereupon plaintiff and her husband assured Ellis that the property belonged to the community. The bank then had both the husband and the wife execute an affidavit, in which they swore that not only the property offered for mortgage, but also all of that, including funds in bank, covered by the donation of Cousin to his wife in 1904, belonged to the community, and that Mrs. Cousin had never owned any paraphernal property. At the same time the bank, through its said president, required the wife to make a donation inter vivos to her husband of the property which it was proposed to mortgage. The act of mortgage was then drawn up and executed by the husband in favor of one E. V. Richard, and the plaintiff appeared as a party therein and renounced all rights and claims of every character which she might have had in the property in question. The record does not disclose definitely the amount of the loan, but inasmuch as it appears that Mr. Cousin wished to borrow $500 or $600, and he was required, as a condition of the loan, to leave $400 on deposit, we take it that the total amount of the first mortgage must have been about $1,000. This view is further substantiated by the fact that the husband, on January 6, 1915, borrowed an additional $750 on the same property, apparently executing a new mortgage, in which his wife joined again for the purposes above indicated, and the note now sought to be collected by foreclosure is $1,750.

[3, 4] It is thus seen that the plaintiff never had for investment any paraphernal funds, except the $25 or $30 realized from the sale of the two head of cattle, above mentioned, and it is not pretended that this formed any part of the purchase price of the property now in dispute. On the other

hand, the main contention of the plaintiff is that this property was acquired with funds and revenues derived from the mercantile business and the other property donated to her by her husband in 1904. Even granting that the donation by the husband to the wife vested the title in her to that property, it was revocable at any time (C. C. art. 1749), and the effect of a revocation is to restore the rights of the donor as completely as if no donation had ever been made (Leverett v. Loeb, 117 La. 310, 41 South. 584); that is, all fruits and revenues, as well as property purchased therewith, again became the donor's property. Even mortgages and other incumbrances and alienations made by the donee are canceled by the revocation. The reason underlying this view is that third persons dealing with property passing by donation between the spouses are warned by the peremptory provisions of the Code that the title so acquired is precarious and subject to defeat at the instance of the donor. This is conceded by counsel for the plaintiff, but he seeks to apply the principle to the second donation, or that by the wife to the husband, instead of the one by him to his wife. However, since the property in contest was, as we have found, acquired by the wife with funds arising from the donation to her by her husband, when she later donated a part of it to him (he appearing and formally accepting), and he thereupon placed a mortgage upon it in favor of the bank, the effect was to revoke his original donation to her, at least to the extent of the funds which went to pay for that property, and it took the place, in his hands, of the money so invested.

The record also shows that at least some of the labor and materials which went into the improvements, which constituted more than three-fourths of the property's value, were furnished by the husband or community while it stood in her name. For aught that appears in the record, all of the property and funds which were originally given to the wife by the husband belonged to the community, and the later donation by the wife merely restored it to that status. Therefore, the object of the wife's donation to the husband not possessing that quality, or status which a revocation by her could affect (the husband as the head and master of the community having control of the disposition of its property), we do not think that anything which thereafter took place could operate to the prejudice of the rights of the bank acquired under those circumstances.

Entertaining these views, we find it unnecessary to discuss the other issues presented in the briefs.

The judgment appealed from is affirmed, at the cost of the appellant.

O'NIELL, J., adheres to the opinion heretofore handed down that this court has no jurisdiction.

MONROE, C. J., concurs in the decree.