**No. 3985**

**Second Circuit**

**(Second Division)**

———

**WESSON v. WOODLEY, INC.**

———

(February 16, 1932.   Opinion and Decree.)

———

on what was known as the John Woodley, Incorporated, well, located in Webster parish, and being the L. & A. No. 2, Bodcaw well, proceeded, so it is alleged, under Act No. 171 of 1928, and caused to be provisionally seized the well, rig, machinery, appurtenances, and appliances on the premises and used in connection with the drilling of said well. It is alleged that plaintiff, under the provisions of said act, has a lien and privilege upon the lease, machinery, and appurtenances to secure the payment of these claims.

Defendant sued out a rule upon plaintiff to have the seizure dissolved upon the alleged grounds that plaintiff has no lien on the property seized by virtue of said Act No. 171 of 1928, or by virtue of any other law of the state. It is alleged that said act relied upon grants a privilege only to those performing labor or services "in the operation" of an oil or gas well, and does not grant a lien to those performing labor or services "in the drilling of a well not resulting in a producer of oil and gas"; that there has been no well (meaning no producing well) located on the land embraced in the lease in question; and that the claims herein sued on do not fall within the category of claims which may be protected or secured by the writ of provisional seizure.

Plaintiff in rule prays for the dissolution of the seizure and for judgment for attorney's fees as damages in the sum of $250.

Upon trial of the rule, there was judgment setting aside and vacating the rule. No formal judgment of dismissal was read and signed. Motion for rehearing was filed and refused, whereupon answer of general denial to suit was filed.

Defendant on its own motion was permitted to bond the seizure and secure the release of the property.

Wallace & Hardeman, of Benton, attorneys for plaintiff, appellee.

Byron A. Irwin, of Shreveport, attorney for defendant, appellant.

CULPEPPER, J. Plaintiff, as holder and assignee of claims aggregating $1,669.20, for labor alleged to have been performed

The case was submitted for adjudication upon an agreed statement of facts, in which the amount of the claims sued on was admitted by defendant to be correct, owing, and unpaid. It was also admitted that the well on which the labor claims sued for "was not an oil or gas well, but on the contrary resulted in a failure, and was abandoned by the defendant." It will also be here noted that, upon the trial of the rule to dissolve the seizure, an agreement was entered in the record that, in the event the defendant's motion and rule to dissolve the seizure is sustained, the matter of the amount of attorney's fees to be allowed plaintiff in rule to secure the dissolution of the seizure should be left to the discretion of the court, without the necessity of taking evidence on same.

Upon final trial on the merits, there was judgment in favor of plaintiff for the amount sued for, recognizing plaintiff's lien and privilege upon the seized property, maintaining the seizure and ordering same enforced. No decree was entered as to attorney's fees. Defendant prayed for and was granted orders of devolutive and suspensive appeal from that part of the judgment wherein the court held that "plaintiff has a lien and privilege on defendant's oil and gas lease and the equipment used on said lease in the drilling of a well thereon in search of oil or gas," also that part of the judgment "holding that the writ of provisional seizure herein sued out is valid and in maintaining and sustaining said writ," and in the refusal or neglect by the court "to allow defendant reasonable attorney's fees."

Plaintiff has filed a motion to dismiss the appeal on the following grounds: (1) That on the 23d of June, 1930, judgment was rendered on the trial of the rule to dismiss the seizure decreeing dismissal of the rule; that the appeal, which was not taken until December 8, 1930, was from that portion of the judgment on the merits only which was decreed upon in the judgment on the rule, hence, the appeal was not timely made; (2) that there is no evidence in the record disclosing the value of the property provisionally seized; hence no basis upon which the court could fix the amount of an appeal bond for the particular part of the judgment which was appealed from.

Counsel for defendant-appellant, in support of the right of appeal from the final judgment on the merits, points out that the judgment on the rule to dismiss did not work an irreparable injury to plaintiff in rule, as it is only where irreparable injury may result that a suspensive appeal may be taken from an interlocutory judgment, such as this was; hence plaintiff in rule had no right of appeal; and that it might obtain full relief by an appeal from the final judgment on the merits.

While the motion to dismiss does not appear to so indicate it, counsel for mover assert in brief filed that the motion is leveled at the fact that in this particular case the appeal is from only a part of the judgment on the merits; that this cannot be done without appeal from the whole judgment on the merits; that, if this court does not have the judgment on the merits before it, it would not know in whose favor the judgment on the merits was rendered. We fail to see the force of counsel's argument. The whole record in the case is before this court, and the court will have no difficulty in being able to see in whose favor the judgment on the merits was rendered on any phase of the case the court might desire to know. It

so happens that there are only certain issues formerly in the suit which are now being contested on appeal, but this is not at all uncommon.

The fact that defendant admitted owing the sum of money sued for, that there was judgment accordingly, which became final and unappealable, so far as that issue was concerned, does not preclude or forbid defendant from appealing from those decrees embraced in that same judgment which were not admitted. It was not admitted that plaintiff held a lien upon the property seized, or that the seizure was a valid one, or that plaintiff in rule was not entitled to attorney's fees as damages for dissolving the seizure in event same should be finally dissolved. These are still live issues before the court. The only judgment from which, under the circumstances, an appeal could be taken, was that signed on December 8, 1930, and the appeal taken was manifestly timely.

Counsel complain that the lower court had nothing by which it could be guided in determining what court to order the appeal returned. In this connection it will be observed that the matter in dispute is as to the existence of a lien and its extent against certain property. The value of the property would not, we think, determine the amount in dispute, but the extent of the lien would more properly be the determining factor, which in this case is $1,-669.20. Also the amount claimed as attorney's fees, which is $250, is in dispute. Either or both of these amounts apparently would govern, and are within the appellate jurisdiction of this court. We think the same principle applies here as was enunciated in Cousin v. St. Tammany Bank, 146 La. 393, 83 So. 685, wherein plaintiff appealed to the Supreme Court

from a judgment dissolving a writ of injunction and rejecting her demand to prevent the sale of her separate property, valued at $2,500, seized in executory proceedings against her husband on a mortgage he had given on the property to secure a note for $1,740. The court first held that the only matter in dispute was the validity of the mortgage, and, since it amounted to less than $2,000, the court was without jurisdiction. On rehearing, the court decided that the issue was not the validity of the mortgage, but that it was the ownership of the property, which was worth exceeding $2,000, and the court recognized jurisdiction. In the present case, the issue is whether or not a lien seeking to collect a judgment for less than $2,000, exists against property valued in excess of that amount, and this court, we think, would therefore have jurisdiction.

The motion to dismiss the appeal will therefore be denied.

———

### MERITS

Plaintiff, for his lien, relies primarily upon the provisions of Act No. 171 of 1928. The pertinent portion of the act reads as follows:

"Any person or persons who shall perform any labor or service in the operation of any oil or gas well or wells in this State shall have a lien and privilege on said oil or gas wells, rigs, and machinery, and appurtenances and appliances thereto attached for equipment and operation of the same, for the amount due for said labor or service." Section 1.

The testimony, as disclosed in agreed statement of facts filed and used in evidence, shows that the labor and services alleged on were performed in the drilling

of a well, in search of oil and/or gas, and not in the operation of a completed and producing well.

Defendant contends that the act from its wording does not create a lien in favor of labor and services performed in the work of drilling oil or gas wells, but that it applies only to labor or services performed in the operation of such wells after they have been drilled and while producing oil or gas.

It is well settled that liens and privileges do not exist unless expressly created by statute, and that they cannot be extended by implication or analogy, and that such statutes must be strictly construed. Applying these familiar principles of the law, the above-quoted statute, we think, cannot be held to apply to the facts in this case.

Plaintiff relies secondarily upon Act No. 134 of 1880, as amended and re-enacted by Act No. 172 of 1928. This act provides:

"Be it enacted, [etc.], that laborers and workingmen on buildings, streets, railroads, canals, ditches and other similar works, as well as those employed in drilling and operating oil or gas wells, when the services of such laborers and workingmen are engaged by the proprietor, or any agent of the proprietor, upon any of the works above mentioned shall have a first privilege upon the building, other works, wells, as enumerated above, upon which their labor has been bestowed."

The most that can be said about the lien created by this act in favor of laborers in the drilling of oil or gas wells is that the lien attaches to the well only, not the drilling rig or machinery or other paraphernalia and appliances connected with the well, such as were seized in this case.

The well was not seized, and it was the only thing apparently under the statute that could have been seized.

It is our view that the terms of the two acts relied on cannot be extended upon any of the theories or processes of reasoning set forth by plaintiff. The courts are powerless to go beyond the plain wording of statutes of this character. They are to be construed strictly as written.

We know of no other statute upon the subject, have been cited to none, hence we must conclude that there does not exist any lien or privilege in favor of plaintiff or his assignors upon the property under seizure to secure these claims sued on, and therefore the seizure will have to be declared illegal and same dissolved.

Appellant has asked that, in the event of the dissolution of the writ of seizure, reasonable attorney's fees be allowed for same. There is no testimony to show what a reasonable fee would be. It was agreed in the trial of the rule to dissolve that this matter should be left to the discretion of the court without the necessity of taking testimony upon the subject. Since there is no testimony by which we may be governed, we shall impose no damages in this regard.

For the reasons assigned, that portion of the judgment of the lower court appealed from is reversed and set aside; and there is now judgment decreeing there to be no lien or privilege upon the property under seizure, as growing out of the claims herein sued on. It is further adjudged and decreed that the writ of provisional seizure sued out be dissolved, and that plaintiff pay the costs of both courts incurred as a result thereof.