No. 4033

Second Circuit

(Second Division)

LORD v. DAVID
(RELIANCE CO., INC., Intervener)

(March 16, 1932. Opinion and Decree.)

Pegues & Pegues, of Mansfield, attorneys for plaintiff, appellee.

Fraser & Carroll, of Many, attorneys for defendant, appellant.

TALIAFERRO, J. This suit was instituted by J. T. Lord for himself and as

assignee of A. Runnels and Ollie Runnels, co-laborers, to recover certain amounts alleged to be due them, respectively, as wages for labor performed by them, while employed by defendant, in the drilling of two wells for oil and/or gas in the town of Zwolle, Sabine parish, in the months of June and July, 1930.

It is alleged that said claimants have a lien and privilege on said wells, rigs, machinery, appurtenances and appliances thereto attached, and on the leases on which said wells are situated, under Act No. 171 of 1928, to secure payment of the wages due them; and that said wells are about to be or have been discontinued and the rigs and other equipment about to be removed therefrom, and, if so, said lien and privilege will be lost. A writ of provisional seizure was prayed for and issued, under which the sheriff seized the leases whereon said two wells were located and the rigs, boilers, pipes, machinery, etc., thereto attached.

Defendant moved to dissolve the writ of provisional seizure as having unlawfully, wrongfully, and improvidently issued for the reason that the petition did not set forth or disclose any right, lien, or privilege which, under the law, entitles plaintiff to such writ. This motion was overruled by the court, and, with full reservation of his rights thereunder, defendant answered. He avers that he is not due plaintiff or his assignors any amount for labor on the Tom David-Nevels No. 1 well, as payment therefor has been made by him in full, but that he is due them for labor on the Tom David-Halliday well No. 1 the following amounts, viz.: J. T. Lord $120 for 24 days; A. Runnels $260 for 52 days, less a payment of $70; and Ollie Runnels $120 for 24 days. He avers that Tom David-Halliday well No. 1 was never completed and no oil, gas, or other minerals were discovered therein, and that plaintiff has no lien or privilege thereon for their wages. He prays that plaintiff take nothing by this suit save judgment for $380 he admits owing (should be $430), and that the writ of provisional seizure be dissolved with damages.

Before trial of the case the Reliance Company, Incorporated, appeared and filed an intervention and third opposition claiming to be the lawful owner and entitled to the possession of the drilling rig, together with all machinery, equipment, and furnishings thereof, seized herein; that at time of seizure said property was in the possession of Tom David, defendant, as lessee, under a written contract from intervener; that plaintiff and his assignors have no lien or privilege against said seized property, and prays that said writ be dissolved and said property decreed to belong to intervener and possession of same restored to it free of the asserted lien and privilege under which the seizure was made.

Plaintiff's answer to the petition of intervention and third opposition is a general denial coupled with a reaffirmance of his contentions set up in his petition.

L. D. Allison also intervened and claimed ownership of the boiler used in said drilling operations and appealed devolutively from an adverse judgment. This branch of the case is not now before us.

The lower court gave judgment for plaintiff for $430, with legal interest from July 7, 1930; sustained the writ of provisional seizure on the property seized thereunder, and dismissed the interventions and third oppositions. Separate judgments were signed; one covering issues in main suit and one on each of the interventions.

Intervener only has appealed.

We have before us only the controversy presented by the intervention and third opposition of the Reliance Company, Inc.

Plaintiff argues that the intervener has failed to establish by satisfactory proof its ownership of the seized rig and appurtenances. The evidence on the point consists of the testimony of defendant and the written contract of lease to him by intervener dated May 19, 1930, expressing a consideration of $1,000, which was paid by assignment of an interest in the Halliday well. This testimony is not controverted by any on part of plaintiff and is sufficient, under these circumstances, to warrant judgment recognizing intervener's ownership of the property.

The main question in the case is whether plaintiff is entitled to a lien and privilege against the property provisionally seized under Act No. 171 of 1928. It is conceded that neither of the wells at which plaintiff and his assignors labored, for which they claim wages herein, were producers of oil or gas. Each was a "dry hole."

The question has been considered by us heretofore in the case of J. R. Wesson v. John Woodley, Inc., ——— La. App. ———, 139 So. 676, decided February 16, 1932. We interpreted Act No. 171 of 1928 in connection with the facts of that case, which are identical with those in the present case, and held that the lien or privilege created by that act did not attach to the rig, machinery, and equipment employed in drilling a well for oil and/or gas, but was intended to protect laborers on wells actually in operation—producers—in the payment of their wages.

We have reaffirmed that interpretation of said act in the case of Rollie Creech v.

Tom David, L. D. Allison, Intervener, 19 La. App. 301, 140 So. 265, this day decided by us.

For the reasons assigned in the above-mentioned cases, and herein, the judgment appealed from is annulled, reversed, and set aside; the Reliance Company, Inc., intervener and third opponent, is hereby recognized as the owner of the property described in its petition and seized herein, and same is ordered restored to its possession, the writ of provisional seizure is dissolved in so far as it affects said property. Costs of intervention to be paid by plaintiff.