**ANDERSON et al. v. LEGRANDE (PEYTON, Intervener).**

**No. 4145.**

Court of Appeal of Louisiana. Second Circuit, Second Division.

March 16, 1932.

Boone & Boone, of Many, for appellant.

Foster, Hall, Barret & Smith, of Shreveport, and Ponder & Ponder, of Many, for appellees.

CULPEPPER, J.

Plaintiff in suit prosecutes this appeal from a judgment dissolving a provisional seizure caused to be made by him of the lease, well, drilling rig and equipment, and decreeing A. P. Peyton, intervener and third opponent, to be the owner, and, as such, entitled to the possession of the said drilling rig and equipment seized.

There was judgment also in favor of plaintiff against George Legrande, defendant in suit, in the full amount prayed for, viz., $1,211.50, with legal interest from judicial demand until paid, together with all costs. Legrande took no appeal, hence the judgment as to him is considered final. The issue, therefore, upon appeal, is the contest between plaintiff in suit and the intervener, as to whether plaintiff has a lien and privilege upon the property decreed by the court to belong to the intervener and as not being subject to the seizure.

Plaintiff's petition alleges, and the proof shows, that the sum of money sued for was for labor and services performed by plaintiff and his assignors in the work of "drilling a well for gas, oil and other minerals on the NW¼ of NW¼, Section 6, Township 7 North, Range 12 W., the well being known as Haley No. 1," in Sabine parish.

Plaintiff alleges that he has a first lien and privilege on "said oil and gas well and drilling rig and machinery and appurtenances and

appliances thereto attached for equipment and operation of said well and drilling, and on the oil and gas lease on which said well is located, for the payment of said labor claim." The work of drilling of the well in question was carried on by the defendant George Legrande, who, in connection therewith, employed plaintiff and certain other laborers, the latter assigning their claims to plaintiff for the purposes of suit. A. P. Peyton intervened, claiming ownership of the drilling rig, machinery, and other equipment pertaining to the rig. Upon the trial he established his claim of ownership to the satisfaction of the court, and we think correctly so, from our examination of the testimony. Defendant Legrande concedes ownership in the intervener.

Plaintiff's counsel assert in brief filed (the case was submitted on briefs without argument) that plaintiff has a lien and privilege under the provisions of Acts No. 171 and No. 172 of 1928 of the Legislature upon the "oil well and drilling rig, machinery, appurtenances and appliances, used at said well."

Since it is conclusively shown that the labor for which the claims are here made was performed wholly in the work of drilling the well in question, it is our view that no lien or privilege was thereby created upon the drilling rig and its equipment, such as the machinery, appurtenances, and appliances, for the reason that neither of the two acts referred to so provides.

The portion of Act No. 171 of 1928, pertinent here, reads as follows: Section 1. "Be it enacted * * * That any person or persons who shall perform any labor or service in the operation of any oil or gas well or wells in this State shall have a lien and privilege on said oil or gas wells, rigs, and machinery, and appurtenances and appliances thereto attached for equipment and operation of the same, for the amount due for said labor or service."

Section 3 of the act provides that any person having such lien and privilege as created in section 1 thereof shall have the right to provisionally seize the property mentioned upon proper affidavit, etc.

It will be noted that the language used in the act does not include labor or services performed in the drilling of any oil or gas well or wells, but uses the words "labor or service in the operation of any oil or gas well or wells." Since the courts are required to construe strictly as written all statutes creating liens and privileges, we cannot construe this act to create a lien and privilege upon the drilling rig and its equipment to secure payment of labor and service performed in the work of drilling a well for gas and/or oil. We took this view in the case of Wesson v. John Woodley, Inc., 139 So. 676, decided by this court February 16, 1932, not yet reported [in State report]. Also, in the case of Creech v. David, 140 So. 265, opinion in which we have this day handed down, together with several other cases this day decided, involving this same question, we have expressed similar views.

The Act No. 172 of 1928, which plaintiff also appears to rely on, creates a lien only upon the well to secure the claims of laborers for services performed in drilling and operating oil or gas wells. No mention is made in the act of the drilling rig and equipment thereof. Hence, under this act, the only thing upon which a lien is created is the well itself; and, since the controversy here is as to the lien upon the drilling rig and its equipment claimed by the intervener, the provisions of the act are not applicable.

A number of other questions were raised in the case, but, in view of the court's holding upon the question of the existence vel non of a lien on the property in question, it does not become necessary to pass upon them.

The well which was drilled, it appears from the testimony, failed to produce oil or gas, was abandoned as a dry hole, hence we assume that plaintiff has no interest in pursuing his claim to a lien thereon, as that question is apparently a meet one. Besides, the intervener laid no claim to the well itself, and plaintiff has apparently abandoned any pretension to his claim of a lien upon it.

The judgment appealed from is therefore affirmed.