O’NIELL, C. J.
 

 This is a proceeding by injunction to prevent the sale of a drilling rig belonging to the plaintiff. It was seized under a writ of fi. fa. to satisfy a judgment for $806.50 rendered
 

 
 *535
 
 against W. O. Neely and in favor of D. Webb Perryman for the use and benefit of his minor son, A. W. Perryman. The district judge issued a rule on the defendants to show cause why a writ of injunction should not issue, and, after hearing the facts, made the rule absolute, and issued the temporary injunction ; but, after hearing the case on its merits, the judge set aside the writ of injunction and rejected the plaintiff’s demand. He has appealed from the decision.
 

 In the suit of Perryman against Neely, the plaintiff alleged that the $806.50 sued for was due to his- minor son for work done and services rendered in the operation of a certain oil and gas well on a lease owned by% Neely on a tract of land described in the plaintiff’s petition. He alleged that his son had been so employed and working almost every day during the period of forty days preceding the filing of the suit; and that the amount due to him was secured by a lien on the oil and gas wells on the lease, and on the lease itself, and the drilling rig, machinery, and appurtenances, on the leased premises. Alleging that he believed that Neely was about to abandon the lease and remove the drilling rig and appurtenances from the leased premises, the plaintiff práyed for and obtained a writ of provisional seizure, under which the sheriff seized the drilling rig belonging to the plaintiff in this suit, Henry J. Brothers.
 

 Neely allowed the judgment to go against him by default, for the $806.50, with legal interest from judicial demand, and with recognition of a lien on the drilling rig that was provisionally seized.
 

 The only question now before the court is whether Perryman is entitled to a lien on the drilling rig belonging to Brothers, to secure the payment of the $806.50 which Neely alone owes to Perryman.
 

 It is conceded by counsel for Perryman that he is not entitled to a lien under either Act No. 171 or Act No. 172 of 1928, for labor performed on an oil well or gas well. Act No. 171 declares that any person who shall have performed any labor or service in the operation of an oil well or a gas well shall have a lien on the well, rigs, machinery, and appurtenances and appliances thereto attached for the equipment and operation of the same, to secure the payment of the amount due for such labor or service; and the statute gives the person entitled to the lien the right to provisionally seize the property affected by the lien. Act No. 172 declares that any person employed in drilling and operating an oil well or a gas well, when engaged by the proprietor or his agent, shall have a lien on the well on which the work was done. The Courts of Appeal, construing these statutes, have held that they do not give a lien upon a drilling rig, because Act No. 171 applies only to a producing oil well or gas well, and because Act No. 172 gives the lien upon the well only, and not upon a drilling rig. Wesson v. John Woodley, Inc., 19 La. App. 369, 139 So. 676, 677: Hersh v. Steinau (La. App.) 140 So. 163; Creech v. David, 19 La. App. 301, 140 So. 265; Lord v. David, 19 La. App. 296, 140 So. 268; Anderson v. Legrande (La. App.) 140 So. 269. It appears that the Legislature itself has construed Act No. 171 and Act No. 172 of 1928 as the Courts of Appeal construed them, because, by Act No. 161 of 1932, the Legislature has supplied the want of a lien on a drilling rig in favor of workmen engaged
 
 *537
 
 in the unsuccessful drilling of an oil well or a gas well. That statute is not applicable to this case because the statute was enacted aft<er the cause of action in Perryman v. Neely arose; in fact after the judgment was rendered in that case.
 

 It is needless to discuss the question whether either Act No. 171 or Act No. 172 of 1928 would have given Pprryman a lien on Brothers’ drilling rig if Perryman had worked on the well that was drilled on Neely’s lease, because it is admitted that Perryman did not perform any labor or service on the well; and his contention now is that, although neither Act No. 171 nor Act No. 172 of 1928 gives him a lien on the drilling rig, he is entitled to the lien given by the ninth paragraph of article 3217 of the Civil Code to a carrier to secure his charges on the thing carried. In support of that claim, counsel for Perryman say that he, with his truck or trucks, hauled the drilling rig to the place where Neely drilled the well; and counsel have brought up, as a supplement of the transcript, an itemized account which was annexed to the petition in Perryman v. Neely, and which indicates that the charges on the account were for hauling. There is no evidence, however, to identify any of the articles which were hauled as being Brothers’ drilling rig.
 

 It is admitted that the only evidence introduced in this suit was the record of the suit of Perryman v. Neely. It seems that the record was introduced by the plaintiff in this suit. Hence counsel for Perryman contend that the plaintiff, Brothers, is estopped to deny that the judgment rendered in Perryman v. Neely is correct, in so far as it declares that Perryman has a lien on the drilling rig seized in that suit. We do not concur in that opinion. Brothers was compelled to introduce the record of the suit of Perryman v. Neely in evidence in this case, in order to prove what Brothers had alleged with regard to the judgment which had been rendered and the seizure which had been made in Perryman v. Neely; but the offering of the record in evidence was not an admission, by Brothers, that Perryman was entitled to a lien on Brothers’ drilling rig. . Brothers was not a party to the suit of Perryman v. Neely, and therefore was not bound or affected by the judgment rendered in that suit.
 

 There is therefore no proof that Perryman has a lien under the ninth paragraph of article 3217 of the Civil Code, on Brothers’ drilling rig,; and it is certain, and is admitted, that Perryman has not a lien under either Act No. 171 or Act No. 172 of 1928, on Brothers’ drilling rig. We do not express an opinion as to whether Perryman might, in a suit against Brothers, establish a lien on the drilling rig, under the ninth paragraph of article 3217 of the Civil Code, for having hauled the rig. It is sufficient to say that the judgment appealed from, allowing the sheriff to sell Brothers’ drilling rig to satisfy the judgment against Neely and in favor of Perryman, is wrong.
 

 The judgment appealed from is annulled, and the temporary injunction issued herein is now made permanent, enjoining the sheriff from selling the drilling rig seized in the suit of Perryman v. Neely, and ordering him to release the same from seizure. The defendant, Perryman, is to pay the costs of this suit.