147 So. 912

### CAMPBELL v. AGGERS et al. (MOON OIL CO., Inc., Intervener).

No. 32082.

March 27, 1933.

Rehearing Denied May 1, 1933.

Moss & Siess, of Lake Charles, and Haas & Haas, of Opelousas, for appellant.

Lewis & Lewis, of Opelousas (A. H. Garland, of Opelousas, of counsel), for appellee.

BRUNOT, Justice.

This is a suit by the plaintiff, individually, and as assignee of the claims of other employees of the defendant W. A. Aggers, for wages earned by them in drilling a well for oil for said defendant in the Port Barre oil field in St. Landry parish, La. The sum claimed is $2,321.50 with legal interest thereon from judicial demand. It is alleged in the petition that by virtue of the provisions of Act No. 171 of 1928 and Act No. 47 of 1928, the plaintiff has a laborer's lien and privilege upon the oil lease, well, drilling rig, and the machinery and appliances appurtenant thereto, and that he is entitled to be paid the amount of his claim, with legal interest thereon from judicial demand, out of the proceeds of the sale of said lease, well, and rig by preference and priority. The prayer is for judgment accordingly and for the provisional seizure of said property. The writ of provisional seizure issued and was executed. The defendant Aggers excepted to the jurisdiction of the court ratione materiae. The exception was heard and overruled. Thereafter, Aggers having permanently left the state, he was represented in this suit by a duly appointed and confirmed curator ad hoc.

The Moon Oil Company, Inc., a Louisiana corporation, domiciled in the city of Lake Charles, La., intervened in the suit, and, in its petition of intervention and third opposition, alleges its ownership of the drilling rig, machinery, and appliances appurtenant there-

to. It denies that the plaintiff has a lien or privilege thereon, or that any legal right, to seize its said property, provisionally or otherwise, exists, in the plaintiff, and it prays for judgment decreeing it to be the owner of the property described in its petition, rescinding and dissolving the provisional seizure of said property, dismissing the plaintiff's claim to a lien and privilege thereon, and reserving intervener's rights to sue hereafter for the recovery of such damages as it may have suffered by the wrongful seizure of its property. After the filing of the Moon Oil Company's petition of intervention and third opposition, the curator ad hoc appointed to represent W. A. Aggers herein answered the suit. The answer admits that Aggers is a resident of the state of Texas, but for lack of information it denies all other allegations of the plaintiff's petition.

The case was tried on the issues stated. On the day fixed for the trial, the Moon Oil Company's intervention and third opposition was reassigned, but the principal suit was tried and decided in favor of the plaintiff, in all respects, as prayed for in plaintiff's petition. Later the intervention and third opposition of the Moon Oil Company was tried, and a judgment was rendered thereon dismissing the intervention and third opposition, with costs. This appeal is from that judgment.

There is no serious dispute as to the intervener's ownership of the property described in its petition of intervention and third opposition, or that intervener rented the said property to the Triple X Oil Corporation, or that said property was used by W. A. Aggers under an agreement with the Triple X Oil Corporation, in drilling the dry hole that gave rise to this suit, nor is the good faith of the plaintiff and his assigns questioned. Therefore, the only issue presented for decision is whether or not, under this state of facts, plaintiff can successfully assert a laborer's lien and privilege upon said property.

We will pretermit any attempt to reconcile the conflicting decisions of the First and Second Circuit Courts of Appeal, to which our attention has been directed, because this plaintiff's cause of action arose, and this suit was filed, before the passage of Act No. 161 of 1932, wherein the Legislature itself saw fit to provide for situations not covered by Acts Nos. 171 and 172 of 1928, and for the further reason that this court in the case of Henry J. Brothers v. D. Webb Perryman et al., 146 So. 46, not yet reported [in State Report], considered the exact issue presented in this case, and said: "It appears that the Legislature itself has construed Act No. 171 and Act No. 172 of 1928 as the Courts of Appeal [Second Circuit] construed them, because, by Act No. 161 of 1932, the Legislature has supplied the want of a lien on a drilling rig in favor of workmen engaged in the unsuccessful drilling of an oil well or a gas well."

No sound reason has been suggested to us for departing from the views expressed in the Brothers v. Perryman Case.

For the reasons stated, the judgment appealed from is avoided and reversed, and the Moon Oil Company, Inc., intervener and third opponent herein, is now decreed to be the owner of the property described in article I of its petition of intervention and third opposition; that the provisional seizure thereof be dissolved; that the plaintiff's claim to a lien

and privilege thereon be dismissed; and that the right of intervener and third opponent to sue hereafter for such damages as it may have suffered by reason of the wrongful seizure of its property be reserved to it. The cost of this appeal and of the intervention in the district court to be paid by the appellee.