This is a rule in the succession proceedings of Mrs. Mary Frances Johnson, deceased wife of George Philip Besnard. The plaintiff in rule is Mrs. Virginia Besnard Smith, daughter of the deceased and of the surviving spouse. The purpose of the rule is to force the respondent, Besnard, to account, in the succession proceedings of his wife, for certain jewelry which plaintiff in rule avers formed part of the community which formerly existed and for which the said Besnard has not accounted. The various articles involved are described as follows:
(a) One platinum bar pin, approximately one and one-half inches long, containing three diamonds and four sapphires; *Page 140 
(b) One platinum wedding ring containing nine diamonds in a Dew Drop setting;
(c) One platinum ring containing one three-quarter karat diamond surrounded by twenty-four small diamonds in a basket setting;
(d) One yellow gold ring containing a three-quarter karat diamond in an old tiffany setting;
(e) One white gold or platinum cluster ring containing nine diamonds;
(f) One white gold lady's wrist watch encrusted with twenty-four diamonds and twenty-seven sapphires;
(g) One silver mesh lady's bag; and
(h) Two men's white gold or platinum pocket watches.
Plaintiff in her rule estimates the total value of these articles at $1,725. In his return to the rule, respondent sets forth several defenses but he urged in the district court only two of them, and his counsel advises us that they now rely on these two alone. They are:
(1) That the said articles listed did not, at the time of Mrs. Besnard's death, form part of the community which formerly existed between the spouses for the reason that she had formerly donated them to Mr. Besnard by manual gift; and
(2) That, in the alternative that it appear that the said articles never formed part of the community, they had been donated by Besnard to his wife during the existence of the marriage and that therefore, when Mrs. Besnard gave them back to him, shortly before her death, the acceptance by him of this donation constituted a revocation of the original donation by him, and had the effect of re-establishing and perfecting his original ownership.
There was judgment in favor of the plaintiff in rule ordering Besnard to account for the articles listed, and he has appealed.
Plaintiff contends that the articles were purchased during the community with community funds, and therefore formed part of the community, and that Besnard had never donated them to Mrs. Besnard nor had she ever donated them back to him. The record shows beyond any possible doubt that all of the articles listed were acquired during the existence of the community and with funds of the community, and these facts destroy completely respondent's alternative contention that they originally formed part of his separate estate and were donated to his wife, and that they thereafter came back into his full, separate ownership as a result of the revocation of that donation. He is forced then to rely entirely on his first contention that these articles, at the time of his wife's death, were his separate property because they were given to him by his wife, or rather because his wife gave to him her undivided one-half interest in them.
It is true, of course, that under the law of this state property acquired during the existence of the community and with community funds belongs, from the moment of acquisition, one-half to each of the spouses, subject to the right of the husband to administer, and that therefore either spouse may, at any time, donate that one-half interest to the other spouse. And counsel for Besnard seem to overlook the fact that he, himself, testified that he gave all of this property to his wife. Note his own evidence—
"I give(gave) Mrs. Besnard those as presents." Of course, what he meant was that he gave her his half interest therein because she already owned her undivided half. If he gave her his interest in the articles, and she gave him back that interest, then his acceptance of that second donation amounted to nothing more than a revocation of the first and restored the title to the exact status which it had occupied originally. A donation between spouses may always be revoked, Civil Code, art. 1749, and when such a donation is revoked while the marriage still exists the result is the re-establishment of the original title status of the donated property. See Cousin v. St. Tammany Bank Trust Co.,146 La. 393, 83 So. 685, 688:
"* * * All of the property and funds which were originally given to the wife by the husband belonged to the community, and the later donation by the wife merely restored it to that status. * * *"
As a matter of fact, there is much in the testimony which throws very grave doubt upon Besnard's statement that his wife gave him back the listed articles. The record shows by his own testimony that he gave to his wife all his interest in the articles but does not convince us that she gave them back as he contends she did. However, plaintiff in rule does not contend that the articles should be accounted for as the separate property of her mother. All *Page 141 
that she claims is that it should be accounted for among the community assets, and since we feel that Besnard's own testimony requires, as a matter of law, that the property be so accounted for, we find it unnecessary to determine whether there was any such donation by Mrs. Besnard to her husband.
Counsel for respondent rely confidently upon Phillips v. Phillips, 160 La. 813, 107 So. 584, 588, in which it was held that the wife's half interest in the community "is not a mere expectancy during the marriage" and "is not transmitted to her by or in consequence of a dissolution of the community", and they argue from this that the wife, since she is the owner of her half of the community from the time of its acquisition, may dispose of it by donation to the husband. There is no doubt about this, but as we have shown in Cousin v. St. Tammany Bank Trust Company, supra, it was held that where either spouse makes a donation of community property to the other, and the other later donates the same property back, the property takes on its original status as community property and does not become the separate property of either of the spouses. Respondent must therefore account for these articles as forming part of the community.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.