**VACCARO et al. v. UNITED STATES et al.**

**No. 11221.**

Circuit Court of Appeals, Fifth Circuit.

June 14, 1945.

Arthur A. Moreno, of New Orleans, La., for appellants.

Helen R. Carloss and Sewall Key, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and A. P. Schiro, III., Asst. U. S. Atty., of New Orleans, La., for appellees.

Before HOLMES, McCORD, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

Prior to 1922, Luca Vaccaro, a resident of Louisiana, made inter vivos gifts to his wife of community property valued, for estate tax purposes, at $269,680. Article 1749 of the Louisiana Civil Code provides that all donations made between married persons during marriage shall always be revocable by the donor. Vaccaro died in 1936 without having exercised his power to revoke. The estate tax statute in force at the time of his death, Section 302(d) of the Revenue Act of 1926 as amended, 26 U.S.C.A. Int.Rev.Code, § 811(d), provided that there should be included in the gross estate of a decedent for estate tax purposes the value of all property transferred by the decedent where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power by the decedent to revoke.

The estate tax return did not include the value of any property so transferred. The Commissioner, determining that the decedent's community one-half of the property should have been included, assessed a deficiency. The assessment was paid, and suit was instituted in the court below to recover the amount thereof with interest. The court sustained the Commissioner, and this appeal followed.

Appellants acknowledge that the assessment would have been proper if the exact property donated had been held by the donee in unchanged form at the time of death. It is their contention that the power of revocation conferred by Article 1749 extended only to the particular things given, and was therefore extinguished as to these gifts which had been changed in form long prior to the death of the decedent; and that, since the decedent had no power to revoke the transfers at the time of his death, the cited taxing statute was not applicable.

The precise question thus raised, as appellants recognize, was decided adversely to them by this court in Howard v. United States, 5 Cir., 125 F.2d 986, wherein we held that the power of revocation conferred by Article 1749 was enforceable so long as the substance of the donation was tangible or was susceptible of identification.

It is asserted that the Howard case was wrongly decided and should be overruled in view of the construction placed upon Article 1749 and related codal articles by the Supreme Court of Louisiana in Succession of Hale, 26 La.Ann. 195, and Westmore v. Harz, 111 La. 305, 35 So. 578. We have re-examined the relevant authorities, and have reached the conclusion that the Howard case was correctly decided.

The Hale case, decided in 1876, involved several questions, and required a construction of various codal articles. With regard to Article 1749, the court said: "We are unable to discover in our code any exception to the rule laid down in Article 1749 declaring that 'all donations between married persons during marriage shall always be revocable.'" The language relied upon by appellants was used in connection with the court's determination of the question whether, under Article 1753 of the Civil Code, a decedent's children could recover money from their mother that he had given to her during marriage, the mother having married another. The money, long before, had been wholly consumed. The court held that Article 1753 could no longer be enforced "for the reason that the substance of the donation is no longer tangible nor susceptible of identification. The property, the ownership of which, in such a case, becomes vested in the children, must be the same property that was donated to the wife by the husband during the marriage."

It seems plain to us that this ruling was merely a rejection of the theory that Article 1753 created a debt rather than a charge upon property. If the court had intended to hold that the donation, to be revocable, must remain in unaltered form, it would doubtless have assigned a reason to support the holding not inconsistent with the holding itself. The terminology employed was not that the thing given did not remain in the hands of the donee, but that the substance of the donation was not tangible or susceptible of identification. Such language, of course, indicates that if the substance of the gift is capable of being traced and identified, the power to revoke exists. Indeed, if the power to revoke such gifts could be terminated merely by changing the form of the property given, it is obvious that the statute would be stripped of all practical effect. No statute may be so construed unless such an interpretation is made mandatory by the unambiguous language of the statute itself.

If we are mistaken in this view, we point out that this holding related to Article 1753, not Article 1749 that is here involved; and that if the ruling might be considered applicable to Article 1749, it has in our judgment been overruled by a later decision of the Supreme Court of Louisiana that is discussed herein.

The case of Westmore v. Harz, supra, does not remotely touch upon either the codal article or the issue of revocability here involved. The gift in that case was not from a husband to his wife, and was not at any time revocable under any statute. It is not authoritative or even helpful to us here.

We come then to the case of Cousin v. St. Tammany Bank & Trust Co., 146 La. 393, 83 So. 685, 687. In that case, Cousin had given his wife a mercantile business and other property belonging to the marital community. Later the wife, using the other property and the revenues from the business as purchase money, acquired certain real estate in her own name. In order to enable Cousin to negotiate a loan with the bank, Mrs. Cousin, by inter vivos gift, returned the real estate to him and it was mortgaged to the bank. The court held that the gift of the wife and its acceptance was in effect a revocation of the earlier donation by the husband, and that the effect of the revocation under Article 1749 was to restore the rights of the husband to "all fruits and revenues, as well as property purchased therewith," as completely as if no donation had ever been made. We think this case authoritatively disposes of the issues and bespeaks the correctness of the Howard decision.

The judgment appealed from is affirmed.