## No. 4556.

## A. D. COCO v. T. F. THIENMAN et als.

A record is not defective because certain documents were omitted which had been offered to prove a fact admitted in said record. There was therefore no necessity to copy them in the transcript.

Where the motion to dismiss the appeal is on the grounds that the sheriff who is party to the suit is not a party to the appeal, and that the sureties to the injunction bond are not parties to the appeal as they did not sign the appeal bond ;

Held—That these grounds are not valid, because the appeal having been taken by motion in open court at the time when the judgment was rendered, all who are not appellants are appellees in the case.

Where a piece of property was bought at a tax sale, the deed for it made out by the sheriff and duly recorded in the office of the recorder of the parish, and said property was seized by a creditor of its former owners, who treated the tax sale as an absolute nullity, and who, being injoined by said purchaser, proposed in the injunction suit to attack the title by showing irregularities and defects in the proceedings preceding the tax sale;

Held—That on its face the title of the purchaser is regular, that he is in possession under a recorded title, that by a special provision of the constitution, article 118, the deed of sale is *prima facie* evidence as to the title, that it is declared valid by section 59 of the act of 1872, No. 42, and that for these reasons the injunction must be maintained.

APPEAL from the Seventh District Court, parish of Avoyelles. *Butler, J. Irion & Thorpe,* for plaintiff and appellant. *Edwards & Ducote,* for defendants and appellees.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly, Morgan.

LUDELING, C. J. A motion to dismiss the appeal has been made, on the following grounds : That the record is defective, a part of the evidence offered, not being in the transcript ; that the sheriff, who is a

party to the suit is not a party to this appeal; and that the sureties to the injunction bond are not made parties to the appeal as they did not sign the appeal bond.

The fact, to prove which the documents omitted were offered, is admitted in the record—there was no necessity therefore to copy them in the transcript. The appeal was taken by motion in open court at the term when the judgment was rendered. All who are not appellants are appellees in this case.

## On the Merits.

A tract of land was purchased by Coco, the plaintiff, at a tax sale in February, 1872. The sheriff made a deed for the property in favor of Coco, and the deed was duly recorded in the office of the recorder of the parish.

On the sixth of August, 1872, Thieneman, who had obtained a judgment against Moreau, individually and as tutor to his minor children, caused the property bought at tax sale by Coco to be seized as the property of Moreau and of his children. The property had been sold to pay the taxes due by Moreau individually and as tutor. Coco injoined the sale on the ground that the property belonged to him. Thieneman, on the other hand, treats the tax sale as an absolute nullity by seizing it as the property of Moreau and his children; and he proposes in this suit to attack the title of Coco by showing irregularities and deiects in the proceedings preceding the sale. On its face the title of Coco is regular—he is in possession under a recorded title; and the constitution declares " all deeds of sale made, or that may be made, by collectors of taxes, shall be received by courts in evidence as *prima facie* valid titles." Article 118.

And the act of 1872, No. 42, declares that " the tax collectors shall be and they are hereby authorized to give a title, in the name of the State of Louisiana, to all persons purchasing property sold in pursuance of this act, and such title shall be held and recognized by all courts in this State as valid in law." Section 59.

It is not disputed that the taxes were due and that the property was sold to pay said taxes; and it appears that Coco, the purchaser, holds the property under a title from the tax collector. Under the constitution and the act above recited this title can not be treated as a mere nullity. The injunction should have been maintained.

It is therefore ordered and adjudged that the judgment of the lower court be reversed and set aside, and that the plaintiff have judgment perpetuating the injunction, and for one hundred dollars damages and for costs against the defendants, *in solido.*

Rehearing refused.