## No. 1214.

### JEAN GERAC ET AL. VS. U. A. GUILBEAU ET ALS.

Where a party is in possession under a tax title, *prima facie* valid, a seizure cannot be legally made of the property by other parties enforcing claims against former owners. A direct action must first be resorted to to annul the title.

Where a new trial has been prayed as to certain specified parts or features of a judgment; has been granted, had, and another judgment rendered as to such parts, the judgment so far as uncomplained of will not be reviewed in this Court.

A PPEAL from the Twenty-first District Court, Parish of St. Martin. Fontelieu, J.

*Edward Simon* and *C. H. Mouton* for Plaintiffs and Appellees.

*F. Voorhies* for Defendants and Appellants.

The opinion of the court was delivered by

MANNING, J.   The plaintiffs, claiming to be owners of certain lands, injoin the sale of them under the foreclosure of a mortgage given by a former owner after the divestiture of her title.

The lands belonged to Ann Offutt.   In 1873 they were sold for taxes, the State becoming the adjudicatee, and in 1881 the plaintiffs bought at a sale by public auction provoked by the State.   Both these deeds were recorded.   In 1879, several years after the deed to the State had been recorded, Mrs. Offutt mortgaged the lands to Anderson, and her mortgage note was transferred to a mercantile firm who are the seizing creditors in this instance, and co-defendants with the sheriff.

The plaintiffs had possession under their deed when the seizure was made, and they invoke the protection of that rule which requires a party to proceed by direct action to annul a *prima facie* valid title, and forbids him seizing in disregard of such title.

This principle has been maintained in a series of decisions and may be considered too well settled to be now called in question.   Coco v. Thieninan, 25 Ann. 236;   Lannes v. Work. Bank, 29 Ann. 112;   Jurey v. Allison, 30 Ann. 1234;   Ludeling v. McGuire, 35 Ann. 893.

The judgment of the lower court was in accordance with this jurisprudence.

The plaintiffs had prayed in their petition for damages, by way of attorneys fees, for the expense they were driven to in obtaining the injunction.   The lower judge perpetuated the injunction, but rejected the demand for damages.   The plaintiffs have not filed any prayer for amendment of the judgment.   The mention of the matter in their brief does not suffice.

Judgment affirmed.

ON REHEARING.

The land is described in the seizure and advertisement as lots 1—14 inclusive of sec. 28 of a designated township.   On the first trial below the judge perpetuated the injunction in Feb. 1883 without reservation. The defendants prayed a new trial on the ground that the tax title does

not include lot No. 1. and that "the same might be said of lots 2 and 3." The new trial prayed was restricted by the defendants themselves to "the property described in their motion," and was granted accordingly. It was had in Feb. 1884, and the judgment maintained that rendered in 1883 except as to lot No. 1, as to which the injunction was dissolved. That is the judgment we affirmed.

The defendants on rehearing urge upon us to except lots 2 and 3, which they falteringly suggested "might be" in the same condition as lot No. 1, and also lots 6 and 8. We cannot touch the judgment of 1883 as to these two last lots. It is true that both of them as well as Nos. 2 and 3 are not included in the tax sale. Therefore

It is ordered and adjudged that our decree and the judgment of the lower court be amended by dissolving the injunction as to lots Nos. 2 and 3 of the section designated, and as thus amended that it be the judgment of this Court, the plaintiffs paying the costs of this appeal.