The opinion of the court was delivered by
McEnery, J.
This is a petitory action.
The plaintiffs sue for the recovery of two tracts of land in Avoyelles parish, which they allege were illegally sold by their tutrix.
The plaintiffs are the children of Oesaire Lemoine, and inherited the property from their deceased father. Their mother, Mrs. Leocadie Lemoine, qualified as tutrix of the plaintiffs. On the 30th January, 1884, she applied to the court for an order convoking a family meeting to authorize her to sell,a “few acres of land” for the purpose of educating her children and improving their property. The order was granted by the clerk; the family meeting assembled and its deliberations conducted before him as ex-offieio recorder, and the proceedings homologated by him as clerk, in pursuance of Act 43 of 1882, Section 3.
The members of the proposed meeting were not present, and others not relatives were substituted. The meeting advised the sale of three acres of the land of the minors, as follows: “After mature deliberation have unanimously decided that the said Widow Cesaire Lemoine be empowered to sell amicably to the highest bidder three acres of land of her said plantation, fronting on Bayou Rouge, for cash, or at terms as will be more convenient.” The under tutor declared that he approved of the deliberations “ as conducive to the best interests of the minors, and recommends their homologation.”
The proceedings were regularly conducted. The family meeting had the undoubted right to select others instead of those who failed to appear. In default of relatives, friends may be selected. It is not shown in the record that there were relatives in the parish and present at the time who could have supplied the places of those absent. The reasons for the conclusions to which it arrived are not, as ought to have been, fully set forth; but we think they sufficiently indicate that they were directed exclusively to the object set out in the petition for the order for the meeting. However, the absence of these reasons can not affect a third person, who pur *859 chased property sold by its advice, duly homologated by the court. The purchaser can not be required to go beyond the regular constitution of the meeting and the order homologating its deliberations.
Under the proceedings of this family meeting, homologated by the clerk, the tutrix, by public sale, adjudicated three acres of land to Serg. Callegari, on 13th November, 1884. He sold these three acres to the other defendant, O. J. Dueote.
These sales are attacked for nullity by plaintiff on the grounds that—
1. The family meeting convoked and held for the purpose of authorizing the sale of said property did not set forth the reasons of its deliberations.
2. It did not fix the terms and conditions of the sale.
3. The deliberations and recommendations were not homologated by the judge.
4. There was no order of court authorizing the sale of the property.
5. The property was not appraised and did not sell for its appraised value.
6. Act 43 of 1882, authorizing clerks of court to homologate family meetings, is null and void, as it violates Arts. 92 and 122 of the Constitution of the State.
We have disposed of the first ground, and the answer to the second is found in the deliberations of the meeting, wherein it is recommended that the property be sold for cash, or on terms of credit.
The third may be considered with the sixth [ground, which will hereafter be discussed.
In answer to the fourth ground it is only necessary to say that after the deliberations of the meeting have been£homologated this is a sufficient authority for the sale of the property — without obtaining a special order for the purpose.
The fifth ground has no foundation in fact. The property, of which the three acres formed a part, was inventoried at $1540, or about $19 per acre. The three acres sold for $400, a very large excess above the inventoried value. In the petition its value is alleged to be $500. We are of the opinion it sold for its actual value.
Act 43 of 1880, conferring certain powers on the clerks of District Courts, is very careful to mark the line between ministerial and judicial functions. In all cases in which oppositions can be filed, it directs that they shall, if filed, be docketed and referred to the judge.
*860 Section 8 gives the clerk power to order family meetings, to convoke meeting of creditors of insolvent successions, of insolvent debtors, and to homologate their proceedings when not opposed. The order homologating the unopposed family meeting was purely a ministerial duty imposed upon the clerk by said act.
The family meeting is the tribunal to pass primarily upon the necessity for the sale of the minor’s property. It is presumed that sufficient evidence for the necessity of the sale was presented to and acted upon by the family meeting which influenced their deliberations. Succession of Hawkins, 85 An. 598.
The duties of the clerk under said act are not only ministerial but mandatory. He has no discretion, because the act presumes that the family meeting has received and acted upon all the evidence adduced before it, and that its deliberations have been solely governed by it, and in the absence of an opposition there is no reason why approval should be withheld. In fact without an opposition there is no issue. There is nothing upon which the judgment can be exercised. There is no case presented for judicial action. The duty imposed upon the clerk ,to [homologate the proceeding is only to carry into effect, to give authenticity to the proceedings of a body whose proceedings are to be recognized and to take effect, unless opposed. If opposed a oontestatio litis exists, anda judicial proceeding is at once necessary. The order to sell minor’s .property is not a judgment. It affects no one. It is not a decree against any one, or against anything.
“A ministerial act may be defined to be one which a person performs in a given state of facts in a prescribed manner in obedience to the mandate of legal authority, without regard to or the exercise of his own judgment upon the propriety of the acts being done.” Bouvier’s Law Diet.
The Legislature, the legal authority, has vested in the clerks of District Courts the power to homologate the proceedings of a family meeting, when not opposed. The deliberations of a family meeting present to the clerk a given state of facts which he can not question. He can not exercise his judgment upon the propriety of the doing of the act recommended by the meeting. He must, if not opposed, take them as presented, and his duty is mandatory,* and he must issue the order homologating the proceedings..
*861 There is no.pro vision, therefore, in Sec. 3 of Act 43 of 1882 which is contrary to or in conflict with Arts. 92 and 122 of the State Constitution.
The family meeting authorized the tutrix to sell only three acres of the minor’s property.
On the 13th of December, 1886, Mrs. Lemoine sold to the defendant, O. J. Ducote, one acre and nineteen-hundredths of an acre of the minor’s property. It was recited in the deed that “ some time ago she was authorized by a family meeting held in behalf of her minor children, the issue of her marriage with her said deceased husband, Cesaire Lemoine, to sell ten acres of the tract of land upon which she now resides, situated on Bayou Rouge, in the town of Cottonport, and that she only sold three acres to Dr. Ducote, and that she wishes in virtue of the recommendation of said family meeting and by virtue of her own personal rights to sell one acre and nineteen-hundreths of an acre of her said tract of land, therefore she does hereby bargain, sell,” etc.
The defendant, Dr. C. J. Ducote, claims that he is a purchaser in good faith. The facts contradict this statement. The deed to him of the first tract was based on the recommendations of the family meeting to sell only three acres.
He had actual knowledge, as the proceedings of the family meeting were referred to in the deed from the tutrix to Serg. Callegari. Callegari sold the land to Ducote, and Mrs. Lemoine intervened in the act of sale and approved the same. Callegari did not comply with the terms of the adjudication, and the defendant, Ducote, by consent took the property off his hands. Hence the intervention of Mrs. Lemoine. This is practically the result of the adjudication, although it appears that Mrs. Lemoine wanted cash, which Callegari was unwilling to give, and Ducote relieved him from the adjudication by furnishing it.
But whether he had actual or constructive knowledge that the family meeting had not recommended the sale of ten acres, he at least knew that minor’s property can not be alienated without an order of court based on the recommendations of a family meeting. In dealing with the tutrix he was bound to inquire whether she had the authority to sell. Her statements that a family meeting had advised the sale will not protect him.
*862 At the moment he took title from the tutrix, without authority to sell, he knew the defect of his title and was a purchaser in bad faith. O. 0., Art. 389; 8 M. 629; Walling Heirs vs. Mosefield, 33 An. 1174.
He therefore owes the fruits and revenues of the property from the date of the sale, during the time of full possession. 33 An. 1174.
Mrs. Lemoine is called in warranty by the defendant Ducote as tutrix and individually. No judgment could be réndered in warranty against her as tutrix, as it would in effect be giving judgment against the plaintiffs. The defendant is entitled to a judgment against her individually for the price of the property. No damages have been alleged or proved.
The lot was vacant and unimproved when the defendant purchased it. He has put upon it a house and some fencing. The property is worth for rent $5 per annum unimproved.
The judgment appealed from was partly in favor of defendants and plaintiff, decreeing the nullity of the sale of both tracts, and sustaining a part of defendant’s reconventional demand, and dismissing the call in warranty, but reserving defendant’s right to proceed against Mrs. Lemoine.
We find it convenient to reverse the judgment in order to recast it, and we think it but just, as it will in effect sustain a part and reverse other parts of it, that plaintiff and defendants should equally bear the cost of appeal.
It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled and reversed, and it is now ordered, adjudged and decreed that the defendant Ducote’s title to the three acres of land described in the deed to him from Oallegari to him be recognized, and that he be declared the owner of the same and be maintained in possession thereof. It is further ordered and decreed that the sale of the 1.19 acres of land made by Mrs. Lemoine, tutrix, to the said Ducote, dated 13th December, 1886, be declared null and void and of no effect, and that the plaintiffs be decreed to be the true and lawful owners of the property described in said deed and be placed in possession of the same.
And it is further ordered that said Ducote be permitted, without damage to said property, to take away the improvements placed thereon by him, within sixty days from the finality of this judgment, during which time the plaintiffs shall have the right to elect whether they will accept said improvements by paying their value or shall require their removal.
*863 And it is further ordered and decreed that the plaintiffs have and recover judgment against the said Dueote for the sum of $5.19 from 13th day of December, 1886, per annum, until the restoration of said property to plaintiffs.
It is further ordered that the said Dueote, the vendee of Mrs. Cesaire Lemoine, do have and recover judgment against her for the price paid for said property on 13th December, 1886, with 5 per cent, interest per annum from judicial demand. Plaintiffs and defendants to pay costs equally of appeal.
Rehearing refused.