(52 South. 251.)

No. 17,907.

BRITT et al. v. CALDWELL–NORTON LUMBER CO., Limited, et al.

(March 28, 1910. Rehearing Denied May 9, 1910.)

*(Syllabus by the Court.)*

1. MINORS—UNAUTHORIZED SALE OF LAND—RATIFICATION.

Mrs. Britt's husband acquired the property which is the basis of this suit, and which passed to her and her children. She transferred the property, by a deed under private signature, to R. H. Wade, at a time when her four children were minors, and the deed was not recorded for many years. In the meantime the property had been sold, and Mrs. Britt and her children now sue to recover it. *Held*, that the children were minors at the time, and as their mother was absolutely without right to sell, and there is nothing to show that they were aware of the transfer, that they cannot be held to have ratified the transfer by their mere silence for a period of 10 years, in view of the fact that they were minors at the time of the sale and did not sign the deed. There was no intention on their part to ratify the deed, and they are not bound by mere silence under the circumstances, as the act was the illegal act of another, who acted without the shadow of authority.

[Ed. Note.—For other cases, see Infants, Dec. Dig. § 30.*]

2. PLEADING (§ 381*) — VARIANCE — TITLE — PROOF.

After Mrs. Britt had brought suit, she acquired an outstanding title which she introduced in evidence. She had based the suit on the possession of one title, and should not have been permitted to introduce another as the basis of her right, under the guise of attacking the title of the defendant. A plaintiff must stand on his own pleadings, and cannot make up their deficiency by offering matter as evidence which should have formed part of the pleadings, and the last-acquired title should not have been introduced in evidence.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1260; Dec. Dig. § 381.*]

3. LIMITATION OF ACTIONS (§ 197*)—PRESCRIPTION—EVIDENCE—TIME OF ACCRUAL.

The facts show that the trees were cut within one year of the filing of the suit, and, as relates to the children of Mrs. Britt, the question is before the court, and the plea will be overruled.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 197.*]

Appeal from Eleventh Judicial District Court, Parish of Natchitoches; Samuel J. Henry, Judge.

Action by Martha Britt and others against the Caldwell-Norton Lumber Company, Limited, and others. Judgment for plaintiffs, and defendant and warrantors appeal. Reversed in part, and dismissed.

Norwood T. Smith, C. M. Cunningham, M. L. Dismukes, and C. W. Elam, for appellants. Scarborough & Carver, for appellees.

BREAUX, C. J. Originally the plaintiff's husband acquired the property from the general government.

He remained owner for a number of years. At his death the property passed to his widow and children.

In the 70's, just prior to leaving to establish her home in Texas, plaintiff conceived the idea of transferring this land to R. H. Wade.

She signed a deed under private signature to him without witnesses.

Her four children were minors at the time. The oldest was born in 1857, the second in 1860, the third in 1862, and the fourth in 1864.

Their names appeared as parties to the deed, although not signed by them.

The deed was not recorded, and remained in private hands, until 1892, when a witness appeared before a notary and made affidavit that the deed had been signed by the parties whose names appeared to it.

In the year 1882 the land was sold at tax sale and adjudicated to the state. It was afterward secured by paying the taxes.

Subsequently a creditor of R. H. Wade seized the property in payment of a judgment and had it sold at public sale. It was adjudicated to Mr. J. C. Scarborough.

The land remained in his name a number of years.

This suit was brought in 1908.

In the year 1909 Scarborough, the purchaser, transferred it to the plaintiff.

The defendant and warrantor pleaded ratification, prescription of 30 years and of 10 years, and they pleaded the prescription of 1 year as a defense against the claim for the trees which they removed from the land.

We take up in the first place the question of ratification.

The plea of ratification is directed by the defendants against the minors' claim. The defendants urged that, as these minors remained silent and acquiescent for over 10 years, they are bound, and cannot now question the validity of the act.

There would be some force in the position if these parties had not been minors at the time, and if it had been shown that they signed the deed.

Both points are fatal to this defense—the minority and the fact that it does not appear that these minors had knowledge of the transfer.

This deed was signed by the mother, Mrs. Britt, and some one else—it is not shown positively by whom the names of the minors were signed—under circumstances which cannot possibly bind by mere silence. There never was the least intention to ratify it, and there was no ratification, and the one who signed the names of the minors was entirely without authority.

The minor who remains silent for 10 years after his majority may be considered as having possibly ratified certain illegal acts of his own.

This does not apply to illegal acts of others in his name without the shadow of authority.

We will not dwell at any length upon the rights of the minors, for it is conclusively shown that they are the owners of one-half of the property.

We will next consider the rights of the mother to this property.

We have noted that she signed the deed. She was the survivor in community, and owned, as such, one-half of the property.

The plaintiff has not succeeded in maintaining her claim. It appears to have passed out of her possession and ownership. There was an outstanding title, subsequently acquired by Mr. Scarborough. He afterward transferred the title back to her.

She offered to prove that defendant (under a title which she alleged was a nullity) was reinvested with its ownership.

Defendants objected to the admission of any testimony offered to prove the title acquired as before stated; that is, title not alleged, and of a date subsequent to the filing of the suit.

The ground of objection was that she had not alleged that title; that she must stand by the title which she had alleged and could

not prove the purchase subsequent, before referred to.

The court overruled the objection, and admitted the testimony, not for the purpose, as expressed by the court of enabling plaintiff to make out her title, but to enable her to prove that defendants had not title.

It is quite true, as contended by defendants, that in a petitory action plaintiff has a legal right to attack whatever title may be set up by defendant in his answer, and is not obliged to file any additional pleadings to enable him to do so. That is settled by a number of decisions. That applies when a plaintiff has alleged the title under which he holds and under which he seeks to recover. He must set out his chain of title. If he fails in this entirely, he cannot build up a title of his own, which is necessary for him to recover under the guise of attacking the defendant's title.

Plaintiff must stand on his own pleadings. He cannot make up their deficiency by offering evidence which he should have introduced in the first place. To successfully attack, he must begin by showing that he has some grounds to stand on.

The case as relates to Mrs. Britt must be dismissed as in case of nonsuit.

The different prescriptions to which we have referred above have no merit as against the owners who were minors in 1876 when the property was transferred by Mrs. Britt, as before mentioned. The defendants held no title against them, and were not in possession a sufficient length of time to acquire by prescription. A sale of minors' property without any regard whatever to legal formalities is null. Lemoine v. Ducote, 45 La. Ann. 857, 12 South. 939; Francoise v. Delaronde, 8 Mart. (O. S.) 619; Succession of Weber, 16 La. Ann. 420.

We will later refer to the prescription of one year, also pleaded against the action of trespass.

The matter of the damage caused by the defendant and warrantor in having taken the trees on the land, to the extent that the children of Mrs. Britt are concerned, is before us.

Returning for a moment to the plea of prescription: Plaintiffs are without ground upon which to stand. The dates are against plaintiffs. The date the trees were taken is within one year of the date that the suit was brought.

The plea of prescription of one year is overruled.

The plaintiffs and appellees joined in the appeal, and asked for an increase of the amount of the judgment.

There is good ground, with the facts before us, to increase the damages allowed in the district court.

Plaintiffs are entitled to a larger amount. The measurement made according to Scribner, containing Doyle's rule, has the sanction of statute. On that score there can be no good objection. After having considered the maximum amount of value of the trees placed thereon by some of the witnesses, and the minimum by others the amount is fixed as hereafter shown. The scaler of plaintiff and the scaler of defendant differ materially. The difference arises from the fact that the latter measures more closely than the Doyle rule requires. The former followed that rule, except in minor respects.

Damages for taking the trees of the four plaintiffs—John, Emma, Laura, and Patrick Britt, children of Martha Britt, widow of Patrick M. Britt—owners of one-half of the land, and in consequence of one-half of the trees, are fixed at $800.

The testimony of the witnesses for plaintiff lead to a high, and that of defendants to a low, estimate of value.

Taking into account the number of trees cut and taken away and the number of feet sustained by the preponderance of the testimony, the amount is fixed.

The number of pine trees is given in the testimony, and the number of oaks. Taking

the feet sustained by the preponderance of the evidence, we arrived at our conclusion.

Plaintiffs' scaler took the diameter at the stump and diameter of the end, and made the required addition and a division of the product by two, as required by the statute; while defendant's scaler directed his attention to the small end of the log.

The first is the usual method followed.

Taking as a whole and considering all the evidence, the amount is sustained by sufficient proof to the sum of $1,600 on the whole tract.

For the reasons stated, the law and the evidence being in favor of plaintiffs, the children of Mrs. Britt, for one-half of the land described in their petition, and for one-half of the value of the trees taken from the land—that is, $800—it is ordered adjudged, and decreed that the judgment appealed from as to them be and the same is affirmed, after increase for trees as just stated.

For the reasons stated, and the law and the evidence, it is ordered, adjudged, and decreed that the judgment in so far as relates to Mrs. Britt, who claims one-half of said land and half the trees thereon, be avoided, annulled, and reversed; that the case be dismissed as in case of nonsuit as to her, at her costs in the district court to the extent of one-half.

It is ordered, adjudged, and decreed that she pay one half of the costs of appeal, and the defendants and appellants the other half.