BREAUX, C. J.
This is the second appeal to this court, and, in addition, an application was made for a writ of certiorari.
In the first appeal the question of the extent of the right of the Britt heirs was considered and decided.
As to Mrs. Britt, who also claimed an interest in the property, there was failure in the proof, and, for that reason, her action was dismissed as in a nonsuit. Britt v. Caldwell Lumber Co., 126 La. 155, and 52 South. 251.
The questions presented in the certiorari proceedings have no bearing. They relate to the time within which a judgment should be signed in the district court. Britt v. Caldwell Lumber Co., 129 La. 243, 55 South. 779.
In the present suit, plaintiff, Mrs. Britt, seeks to recover the value of timber cut on the land, of which she claimed ownership and part of which land the heirs recovered in the first suit. -
In the present action, Mrs. Britt recovered judgment against the defendant the Boleyn Lumber Company in the sum of $935.68, with all costs, and she was decreed the owner of the land for which she sued, and judgment was also rendered in favor of defendant over and against the D. G. Petty Lumber Company for an amount as above, with all costs of suit except the sum of $7.
Only the warrantors have appealed.
The defendant admits that plaintiff is not a party to this suit, but contends that he can maintain his appeal as between him and defendant.
Be that as it may, we will not pass upon the point, as there is another point which we will consider, as it disposes of the case in this court.
The judge of the district court decided in favor of plaintiff, and ordered that the land be delivered to the plaintiff to the extent of her interest, and further condemned defendant to pay plaintiff the sum, of $935.68. To the defendant the court gave judgment for the sum of $935.38 against warrantor. Not a word was said about the land, so that, as between defendant and warrantor, the only amount in controversy is $935.38, and that is' all that defendant could ever recover. The question about the land is entirely eliminated.
It would be useless for defendant to ask for more than the said amount. He is entirely barred from and out of this court as to anything else.
We therefore conclude to dismiss the appeal, and reserve to warrantor, upon the required oath, the right to have the case transferred to the Court of Appeal, in whose jurisdiction is,the parish of Natchitoches.
For reasons Stated, the appeal is dismissed.