For the reasons assigned the judgment appealed from is affirmed.

O'NIELL, C. J., absent.

168 So. 774

**HAMILTON v. RICKERSON.**

No. 33564.

May 25, 1936.

Arthur Le Rosen, of Shreveport, for appellant.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, for appellee.

HIGGINS, Justice.

Plaintiff, as owner, in possession of a house and lot in South Highlands subdivision, in the city of Shreveport, brought this action against G. W. Rickerson, a nonresident, for the purpose of removing an apparent cloud from the title to the property.

The defendant was cited through a curator ad hoc, who filed an answer, averring that the sheriff's deed, resulting from a foreclosure proceeding against the defendant, was defective and the validity of the sale incurable by prescription, because the judge failed to sign the order for executory process, which renders the sale an absolute nullity.

The plaintiff pleaded prescription of two and five years liberandi causa and the prescription of ten years acquirendi causa; and also the validity of the sale on the ground that the omission of the words from the judge's order "let executory process issue," was merely an oversight, and since the issuance of an order for executory process is purely ministerial, because it is based upon an authentic act with a confession of

judgment, the inadvertent omission was corrected by the formal issuance of the writ, the advertisement of the property and the sale by the sheriff, who executed the deed to the adjudicatee; citing sections 7 and 10 of Act No. 204 of 1924 and Lemoine et al. v. Ducote et al., 45 La.Ann. 857, 12 So. 939.

The A. C. Steere Company, Inc., was called in warranty by the plaintiff and adopted the plaintiff's allegations as to the validity of the sale, and, in the alternative, in the event of an adverse decision by the court on the question of title, prayed for the reinstatement of the mortgages on the property at the time of the sale, which were paid out of the proceeds, and for recognition of its subrogation to the rights of the original mortgagees, who held mortgages amounting to practically twice the present value of the property.

There was judgment sustaining the plea of prescription of ten years acquirendi causa, recognizing the plaintiff as the owner of the property.

The defendant appealed.

The record shows that more than ten years ago W. P. Stiles instituted executory proceedings against the defendant, G. W. Rickerson, a nonresident, and the property in question was adjudicated at sheriff's sale to A. C. Steere Company, Inc. The plaintiff in that action presented his petition for executory process, but the order which the district judge signed appointed only the curator ad hoc for the absentee and omitted anything about the issuance of executory process. The error was not discovered by any one, and the clerk of court issued the usual writ of seizure and sale, and the foreclosure in all other respects was entirely regular.

In connection with the plea of prescription, the plaintiff offered the sheriff's deed to A. C. Steere Company, Inc., together with proof of good faith on the part of himself and his predecessor in title, and proof of open, notorious, and actual possession of the property for a period of more than ten years. There was no evidence offered to the contrary.

Section 1 of Act No. 217 of 1932 reads as follows: "Section 1. Be it enacted by the Legislature of Louisiana, That hereafter in any petitory action or other suit to try or establish title to immovable property, where the litigant upon whom the onus rests of proving title shall offer in evidence in support thereof the deed of any sheriff, succession representative, trustee in bankruptcy, receiver, constable, auctioneer or other person authorized by the laws of this State or of the United States to make public sales, if the same be fair on its face, be duly recorded and purport to convey title from one person to another, such deed shall be prima facie evidence of the authority of the officer or other functionary who made and delivered it and shall moreover be deemed prima facie proof of such sale."

The effect of this statute is to place a sheriff's deed, which is regular and valid on its face, in the same category as a tax deed, and makes it equally susceptible of

functioning as one of the elements of a valid prescriptive title.

The constitutional provisions with regard to tax deeds read as follows:

"All deeds of sale made, or that may be made, by the collectors of taxes, shall be received by courts in evidence as prima facie valid sales." See Constitution 1898, art. 233; Constitution 1913, art. 233; Constitution 1921, art. 10, § 11.

This court has repeatedly held with reference to these constitutional provisions covering tax sales, that the purchaser thereunder can acquire a valid prescriptive title, even though the tax sale be a nullity for reasons dehors the deed. Coco v. Thienman, 25 La.Ann. 236; Lannes v. Workingmen's Bank et al., 29 La.Ann. 112; Hickman v. Dawson, 33 La.Ann. 438, 441; Gerac v. Guilbeau, 36 La.Ann. 843, 844; Giddens v. Mobley, 37 La.Ann. 417, 419; Montgomery v. Whitfield, 41 La.Ann. 649, 654, 6 So. 224; Michel et al. v. Stream et al., 48 La.Ann. 341, 349, 19 So. 215; Barrow v. Wilson, 38 La.Ann. 209, 215; Heirs of Wykoff v. Miller, 48 La.Ann. 475, 476, 19 So. 478; Jopling v. Chachere, 107 La. 522, 535, 32 So. 243; Cooper v. Falk, 109 La. 474, 480, 33 So. 567; Soniat v. Donovan, 118 La. 847, 43 So. 462; Eivers' Heirs v. Rankin's Heirs, 150 La. 4, 90 So. 419; Pillow v. Roberts, 13 How.(54 U.S.) 472, 14 L.Ed. 228.

The same line of reasoning is applicable here, and we conclude that the plea of prescription of ten years acquirendi causa is well founded, and was properly sustained by the trial judge.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., absent.