This is an action in which plaintiff seeks recovery of damages resulting from injuries received in an automobile collision. *Page 246 
The defendants are the American Surety Company of New York, the insurer of the car in which plaintiff was riding as a guest, and the Employer's Casualty Company, the liability insurer of the owner of the truck with which the automobile collided. The total amount of damages prayed by plaintiff was the sum of $5,095.00. After trial there was judgment in favor of plaintiff against the defendant, Employer's Casualty Company, in the sum of $1,595.00, from which judgment the named defendant has appealed. Plaintiff answered the appeal, praying for an increase in the amount of the judgment. The judgment further rejected plaintiff's demands and dismissed his suit against the other defendant, American Surety Company, and from this part of the judgment, out of an abundance of precaution, plaintiff has appealed.
The accident occurred about the hour of 7:30 or 8:00 o'clock on the evening of November 17, 1947, at which time a misting rain was falling. Plaintiff was riding as a guest in an automobile driven at the time by the 17-year old son of R. L. Ropp, and the two young men were on their way to a picture show in the City of Natchitoches, Louisiana. Ropp, the driver of the car, turning out of Washington Street into Front Street, finding his progress impeded by a very slowly driven car immediately in front and proceeding in the same direction, turned out to his left in order to pass the said vehicle. As he was engaged in the passing operation he perceived an Army truck which was being driven in the opposite direction by one V. A. Conner. The drivers of the respective vehicles attempted to avoid a collision, Conner by pulling as far as possible to his right almost to the curb of Front Street, and Ropp apparently by applying his brakes. Notwithstanding these actions Ropp, either in his excitement, turned to the left, or his car skidded in that direction, and the left front fenders of the two vehicles met in the resulting crash. The plaintiff, Wiggins, a young man about 22 years of age, was painfully injured, sustaining several wounds about the face and head, and a bad cut on the neck. As a result of the injuries plaintiff lost one front tooth, another was chipped, and the suturing of the cuts and gashes of the face and neck left some scars, none of which seem to be of grave concern with the exception of what is described as a u-shaped cut under the chin.
According to the facts which have been definitely established, both the car and the truck were proceeding at a reasonable rate of speed. Casual consideration would appear to indicate that young Ropp was guilty of negligence in attempting to pass another car without ascertaining that the passing lane was clear of approaching traffic. But one of the material facts, and the one which has been most disputed, is the question as to whether the headlights of the truck driven by Conner were burning at the time of the accident. The District Judge found that the truck was being driven without lights, which finding, in our opinion, is justified by the great preponderance of the testimony. Additionally, it is important to note that the truck, being a former Army vehicle, was painted the customary olive drab, which treatment, as established by testimony in the record, was designed for the particular purpose of making such vehicles as nearly invisible as possible. It must therefore be concluded that young Ropp, unwarned by the beam of approaching headlights, was justified in assuming that the passing lane was clear, and, further, by reason of the absence of lights and the neutral camouflage of the vehicle itself, it is obvious, as was found by the District Judge, that he was confronted by an emergency which was not of his own making.
For the reasons set forth we have had no difficulty in concluding that Ropp, the driver of the automobile in which plaintiff was a passenger at the time, was not guilty of negligence, and the corollary conclusion to the effect that Conner was guilty of negligence necessarily follows. It is clear to us that Conner's negligence in driving the truck without lights was the sole and proximate cause of the accident leading to plaintiff's injury.
Our findings, as above stated, being in complete accord with those of the District Judge disposes of the actual facts in connection with the case, but a serious question has been raised by learned counsel for the defendant, Employer's Casualty Company. *Page 247 
In his petition plaintiff alleged that the truck involved in the accident was owned by one Claude DeJersey of Winnfield and was being driven at the time by V. A. Conner, "an agent and/or employee of Claude DeJersey". The petition further alleged that the defendant, Employer's Casualty Company, had issued a policy of public liability insurance to Claude DeJersey, "insuring him against all claims arising from injuries inflicted on the person of any third person through the operation of his Fordtruck which was involved in this accident, which policy was in full force and effect at the time of this accident". (Emphasis by the Court.)
On trial, counsel for defendant, Employer's Casualty Company, objected to the introduction of the insurance policy in evidence on the ground that it enlarged the pleadings.
Counsel has elaborated upon his objection in his argument before this Court, and contends that any liability under the omnibus clause contained in the policy should be excluded from consideration.
The facts developed on trial of the case were conclusive on the point that Conner, the driver of the truck, was neither an agent nor an employee of DeJersey, the insured, but was at the time using the truck by express permission of DeJersey.
It is contended on behalf of defendant that plaintiff has failed to bring his case within the terms of his petition; that the policy is not responsive to the allegations above noted, and cannot be received nor considered to the extent of enlarging the pleadings and thus permitting plaintiff to avail himself of the provisions of the omnibus clause. In support of this position the following cases are cited, Britt et al. v. Caldwell-Norton Lumber Co., Ltd., et al., 126 La. 155, 52 So. 251; Engleman v. Traeger et al., 102 Fla. 756, 136 So. 527; Norvell v. Aiavolasiti, La. App., 33 So.2d 434; Jones et al. v. Abercrombie et al., 178 La. 427, 151 So. 641.
Examination of the cited cases discloses their support of the general rule with respect to enlargement of the pleadings, but fails to reflect any pronouncement apropos of the specific point raised.
This identical question was presented, under slightly different circumstances, to the Orleans Court of Appeal in the case of Burglass v. Burglass et al., La. App., 193 So. 275, 276. In that case the plaintiff's petition failed to allege that the car was being used by the insured's son with the permission of the assured. The majority opinion expressed the view that the plaintiff was required to allege the circumstances which brought liability within the terms of the policy. The point was raised on an exception of no cause of action which had been maintained by the District Court. On appeal the case was remanded for the purpose of permitting amendment of plaintiff's petition in conformity with the requirement above set forth, the right to which amendment had been refused by the lower court.
In the concurring opinion of Judge McCaleb in the above-cited case we find certain very pertinent expressions with which we are in such complete accord that we quote Judge McCaleb's opinion in full, as follows:
"I fully agree with the reasons given by my colleagues in reversing the judgment appealed from and remanding the case for the purpose of permitting plaintiff to supplement this petition. I am, however, unwilling to concede that the petition is defective or that it fails to state a cause of action against the General Accident, Fire Life Assurance Corporation, Ltd.
"The plaintiff alleges, in substance, that the General Accident, Fire and Life Assurance Corporation, Ltd., had issued a policy of liability insurance on the automobile in which he was riding and that, under the terms of that policy, it became liable for the injuries he received as a result of the driver's negligence. The policy, which was produced in response to a prayer for oyer, exhibits that it was issued to A. Burglass, the father of the driver of the automobile, and that the insurer obligated itself to indemnify the named assured and any other person operating the vehicle with permission and consent of the named assured against liability imposed upon them by law for bodily injuries sustained by third persons as a result of the negligent operation and use of the automobile. *Page 248 
"The argument of the insurer on the exception of no cause of action is that, since the policy reveals that it was issued to A. Burglass whereas the petition alleges that the car was being driven by his son, Milton Burglass, at the time of the accident, it is liable to plaintiff only in the event it is alleged and proved that Milton Burglass was driving the car with the consent of his father and that plaintiff's injuries were due to the negligent operation of the vehicle.
"It seems to me that the question as to whether Milton Burglass had the permission of his father to use the automobile involved in the accident is properly a matter of defense which should be raised by the insurer in its answer. I feel that it is exacting too much of the plaintiff to require him to allege that such permission had been granted by A. Burglass to Milton Burglass because he is obviously not in a position to know whether such is or is not the case. If it is incumbent upon the plaintiff to charge that Milton Burglass had the permission of his father to use the automobile in order to state a cause of action against the insurer, it will be necessary for him to submit evidence in proof of that averment to sustain his case. This places him at a serious disadvantage because it does not seem likely that he has or should have any knowledge concerning those facts.
"It strikes me that some reasonable rule should be adopted by the courts with respect to this type of case. Here, the defendant has issued a policy covering the owner of the car against legal liability for injuries received by third persons as a result of the negligent operation of the vehicle. It has also insured, under the omnibus clause of the policy, all persons driving the car with the consent of the owner. Why should a plaintiff, who is injured by the negligence of the driver of a vehicle, be required to allege that the automobile was in charge of a person who had the permission of the owner to use it when the chances are that he has no knowledge whatsoever on that subject? The insurance company in such instance is invariably in possession of the true facts and it is my conviction that any question concerning the lack of permission to the driver of the car from the owner should be set forth by the insurer as a special defense in the case.
"This court has recently had occasion to decide a case which I believe fully demonstrates the soundness of my position in this matter. In Bates v. Hayden, National Casualty Co., La. App., 188 So. 751, 753, the plaintiff alleged that the automobile, which was being driven by an employee of the defendant Hayden, had been insured against public liability by the General Accident, Fire and Life Assurance Corporation, Ltd. (the same defendant appearing in this suit). The allegations of plaintiff's petition were denied in the answer of the insurer. On the trial of the case, the liability policy, which was produced upon plaintiff's request, exhibited that it had been issued to Riverside Lumber Company, Inc., and not to Hayden as charged in the plaintiff's petition. The insurer, on appeal of the case to this court, sought to be exonerated in the matter on the ground that plaintiff had failed to prove the allegations of his petition. We rejected the contention in the following language:
" 'We find no substance in the argument. Act No. 55 of 1930 permits an injured plaintiff to bring a direct action against the insurer of the vehicle and the latter has the right to assert all lawful conditions contained in the policy in the same manner as if the suit had been filed against it by the named assured. There was no necessity for the plaintiff to join the owner of the truck as a party-defendant and his allegation that the policy was issued to Hayden may be treated as surplusage. The only matter of importance is that the defendant insurer issued a public liability policy by which it agreed to indemnify all persons legally responsible for the negligent operation of the truck. This is its agreement and, as Barrett is an "Additional Assured" under the omnibus clause of the policy in evidence, it cannot be heard to say that it is being sued on a contract it did not make merely because the plaintiff alleged, on information and belief, that the policy was issued to Hayden when it was made in the name of Riverside Lumber Company, Inc. Moreover, we cannot see that the defendant insurer has been prejudiced in any manner *Page 249 
as a result of plaintiff's erroneous averment. After all, it issued the policy and it was in a better position than plaintiff to know the terms and conditions of the contract. It has not only insured the Riverside Lumber Company, Inc., but has also contracted to protect the defendant Barrett who was operating the truck under the instructions, and with the permission, of the named insured.'
"Since it is my opinion that the judge of the lower court was in error in maintaining the exception of no cause of action, I respectfully dissent from the majority opinion maintaining the district court on that point but I concur in the decree which reverses the judgment and gives plaintiff an opportunity to supplement his petition."
The above presentation and resolution of this vexing question clearly expresses our views, and the conclusion which we have reached independently, that defendant's claim is supertechnical, and further that the approval of the doctrine urged would result in a grave injustice.
Accordingly, we are firm of the opinion that an allegation to the effect that a defendant insurer issued a policy insuring the holder thereof against claims by third persons for injuries resulting from the operation of the vehicle is sufficiently broad to justify the admission of the policy in evidence in an action by such third person against the insurer. There is no element of surprise nor prejudice involved, and if the insurer, as a matter of defense, can allege and establish any facts which relieve it of liability, he has the unquestioned right and opportunity of so doing.
Plaintiff's answer to the appeal seeking an increase in the amount awarded has been met by strenuous objection on the part of defendant, who urges that the award is excessive and, accordingly, should be reduced. Careful examination of the record has served to convince us that the award, under the facts established, is neither excessive nor inadequate.
For the reasons assigned the judgment appealed from in favor of plaintiff and against defendant, Employer's Casualty Company, is affirmed at appellant's cost.
It is further ordered that the judgment in favor of American Surety Company of New York rejecting plaintiff's demands is also affirmed at the cost of plaintiff-appellant.