SAMUEL, Judge.
Plaintiff filed this suit against the defendant, Joseph S. Yenni, as Mayor of the City of Kenner, seeking a writ of mandamus ordering defendant to appoint as fire chief one of two persons certified by the Kenner Municipal Fire & Police Civil Service Board as having passed an examination for that office on August 5, 1976. Following trial, there was judgment against the defendant ordering him to appoint a fire chief from the list of eligibles furnished him by the Civil Service Board.
Appellant, Thomas J. Tinnerella, was not a party to the mandamus proceedings in the trial court, but he nevertheless appealed the judgment as an interested party.[1] Plaintiff has filed a motion to dismiss this appeal on the basis of appellant’s alleged lack of interest in the proceedings. We pretermit a consideration of the motion to dismiss because of the conclusion we have reached.
Appellant has worked for the Kenner fire department for some 27 years. He has served as Kenner’s acting fire chief since July, 1971. On August 5, 1976 the Kenner Municipal Fire & Police Civil Service Board gave an examination to fill the position on a permanent basis. Three persons took the examination. Plaintiff and B. J. Mum-phrey received passing grades, but appellant failed to do so. The defendant Mayor refused to appoint as fire chief either of the two persons certified by the Board as having passing grades on the test, and this mandamus proceeding resulted.
Article 3863, Louisiana Code of Civil Procedure, provides a writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. The rights and duties of the plaintiff, defendant and appellant in this suit are controlled by the Municipal Fire & Police Civil Service Law.[2] This statute provides vacancies in positions in the classified service shall be filled by demotion, transfer, reinstatement, promotional appointment, competitive appointment, reemployment, and temporary appointment.[3]
The law provides two forms of temporary appointments. An emergency appointment may be made at the time of a local emergency of a temporary and special nature to satisfy the needs of the civil service system. Emergency appointments can be effective for no more than 10 days. A provisional appointment of a person deemed qualified by the appointing authority may be made to fill a vacancy in a position for which the civil service board is unable to certify the names of persons eligible for regular and *311 permanent appointment. Provisional appointment shall not continue for more than 3 months. Such appointment may be renewed for an additional 3 months with the authorization of the Board when it is impracticable or impossible to establish a list of persons eligible for certification and appointment.[4] Therefore, no provisional appointment may last more than 6 months.
In the instant case the appointing authority sought to fill a vacancy of fire chief by competitive appointment. Revised Statute 33:2494 A provides that whenever the appointing authority proposes to fill a vacancy by competitive appointment he shall request the Board to certify names of persons eligible for appointment to the vacant position. The procedure for making the appointment is provided in R.S. 33:2494 D, which reads in pertinent part as follows:
“. . . Upon the appointing authority’s request for the certification of eligible persons from which he may fill a vacancy, and if the competitive list is the appropriate list from which the names of eligible persons shall be certified, the board shall certify the names of the persons upon that list, in the order in which they appear thereon, for the class in which the vacancy is to be filled. The appointing authority shall select and appoint to the first vacancy to be filled, any one of the persons so certified to him for the vacancy. If any one or more persons so certified should refuse the appointment, the appointing authority shall then select and appoint any one of the remaining persons certified by the board. This procedure shall be followed until the position has been filled by appointment of one of the persons certified from the list and willing to accept the appointment, or until each person whose name appears upon the list has in this manner been certified for the vacancy.” LSA-R.S. 33:2494 D. (Emphasis ours).
This provision shows it is the mandatory duty of the appointing authority to make appointments from the list of eligi-bles certified to him by the Board. Any other interpretation would defeat the purposes for which the various civil service statutes have been enacted.
Mr. Tinnerella argues a writ of mandamus is inappropriate in this case because the appointment of a fire chief involves the exercise of discretion on the part of the appointing authority and is not the performance of a ministerial duty required by law. We do not agree with this argument. In Lemoine v. Ducote,[5] the Louisiana Supreme Court defined the term “ministerial act” as follows:
“A ministerial act may be defined to be one which a person performs in a given statement of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to, or the exercise of his own judgment upon the propriety of the acts being done.”
Moreover, in Groves v. Board of Trustees of Teach. Retire. Sys.,[6] the court stated the settled rule that a mandatory duty of a public official does not become less mandatory or ministerial simply because the statute creating the duty may require to some extent construction of statutory language.
The duty imposed upon the Mayor of Kenner in the present case involves even less discretion. By law he is mandated to fill a vacancy from a list of eligibles certified to him by the Board, and the only discretion given him is to choose from among the persons on this list. The quoted language of R.S. 33:2494 D clearly establishes the appointing authority has the mandatory duty to make his appointment from the list certified to him. Insofar as the action of mandamus is concerned, the right to choose a name from among two or more persons certified as eligible for appointment does not make the appointing authority’s duty to appoint any less mandatory or ministerial.
The temporary appointment of Mr. Tin-nerella as acting fire chief for the City of *312 Kenner has expired long ago. It is now the mandatory duty of the Mayor, as appointing authority, to select and appoint a police chief from the list of eligible persons certified to him by the Civil Service Board.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

.See Article 2086, Louisiana Code of Civil Procedure.

.R.S. 33:2471, et seq.

.R.S. 33:2487.

. R.S. 33:2496 A(1).

. 45 La.Ann. 857, 12 So. 939.

.La.App., 324. So.2d 587.