BOUTALL, Judge.
This appeal involves the interpretation of the duties and powers of the Board of Trustees of the Fire Fighter’s Pension and Relief Fund for the City of New Orleans relative to reinstatement of a fireman to active duty.
The facts are not at issue. Donald P. Landry was a fireman employed by the City *890 of New Orleans who was injured as a result of an off-duty accident. After considerable medical treatment, he voluntarily applied to the Board of Trustees of the Fire Fighter’s Pension and Relief Fund for a “non-service connected disability pension” under L.R.S. 33:2113.1. The Board of Trustees on April 13, 1976, ordered him retired for disability and granted a disability pension of 40% of his salary. Some time later the Board learned that he had recuperated, and after considering medical reports requested by it, the Board, at a meeting on April 16, 1977, voted to rescind his disability retirement and return him to active duty with the department. The Superintendent of the New Orleans Fire Department, William J. McCrossen, refused him reinstatement to active duty. The only reason for the refusal was that he concluded that Landry, because of his prior injuries, would be a bad risk to return to the active duty list as more prone to re-injury, and the probability of workman’s benefits and greater disability rights would be an unreasonable financial burden on the City.
Shortly thereafter, Landry and the Board of Trustees brought a mandamus suit against the Superintendent, The City of New Orleans and other officials. The trial court ordered reinstatement, and this appeal followed. We affirm.
The Louisiana Legislature created the Fire Fighter’s Pension and Relief Fund for the City of New Orleans and provided for its government generally in L.R.S. 33:2101 et seq. Section 2113.1 provides for the retirement of members of the Fire Department for non-service connected disability, and in subsection C thereof provides that all provisions of R.S. 33:2113 with reference to restoration to duty of a member previously retired are likewise applicable to such members. Section 2113 provides in pertinent part:
“ * * * * The board of trustees may order periodic examinations of any member of the fire department who has been retired for disability under this section either by the department physician or by any other doctor or specialist, or both. If the board of trustees determines from such periodic examination that the member is qualified for active duty with the fire department, it may order the member to active duty in the same or similar grade and status occupied by the member at the time of his retirement for disability.” * * *
The Board of Trustees followed the proper procedure, and the plain meaning is apparent. The Superintendent contends however that while the Statute provides that the Board may order the member to active duty, it cannot order him to receive the member into active duty. Such an interpretation would not only render the enactment of that provision useless, but would result in placing the member in some sort of limbo wherein he would be discharged from the benefits of the disability pension, and yet be unable to return to work to earn his salary. The Superintendent relies upon Section 4-601 of the City Charter of the City of New Orleans which provides that the Superintendent shall organize, administer, supervise and discipline the fire force of the city. His reliance is misplaced, and the provisions of that section cannot prevail against the clear legislative mandate consistent with the authority granted in Article 10, § 29(B) of the Constitution of 1974. The legal authority to order return to active duty is placed in the Board of Trustees by the statute and the Superintendent (himself a member of the Board) must place him on active duty in obedience to the mandate of that legal authority. This duty does not become less mandatory or ministerial simply because the statute creating the duty may require to some extent construction of statutory language. See Groves v. Board of Trustees of Teachers’ Retirement System, 324 So.2d 587 (La.App. 1st Cir. 1975); Frame v. Yenni, 347 So.2d 309 (La.App. 4th Cir. 1977). The action of mandamus is proper to enforce the performance of that duty.
The only other issue is appellant’s overruled exception of failure to include indispensable party. Appellant contends that the City Civil Service Commission is *891 granted the authority over all procedures for reinstatement and reemployment of persons who were separated from their positions for reasons other than for fault or delinquency. We respond simply that Landry had not resigned or terminated his employment and reemployment procedures do not apply. Landry had been retired for disability under L.R.S. 33:2113.1, and the procedure for his reinstatement to active duty is provided in Section 2113.
The judgment appealed is affirmed.

AFFIRMED.