409 So.2d 1231 (1981)
Henry Burk STERLING, Jr., et al.
v.
C. MARSHALL MARTIN, INC., et al.
No. 14302.
Court of Appeal of Louisiana, First Circuit.
November 23, 1981.
Rehearing Denied February 16, 1982.
Writ Denied April 27, 1982.
*1232 Lelia Withers and Tom Withers, Baton Rouge, for plaintiffs-appellants Henry Burk Sterling, Jr., Gussie L. Sterling, Mary Dickinson Sterling, Bernard Baron Sterling, Voltaire Harold Sterling and Mildred Sterling Lewis.
Judith Atkinson Chevalier, Baton Rouge, for defendant-appellee C. Marshall Martin, Inc.
Freddie Pitcher, Jr., Baton Rouge, for defendant-appellee Alex Pitcher, Jr.
Diane L. Crochet, Baton Rouge, for defendant-appellee Gladys D. Honore, Individually and as Executrix of the Estate of Felix J. Honore.
Gracella Simmons, Baton Rouge, for defendants-appellees (Curator) Ella V. Dickens Rideau, Hazel Bennett Burnett, Gail Marie Dickens Cross, Patrick Henry Dickens, Edith Weaver Dickens, Charles B. Dickens, Barbara Ann Dickens Harvey, Betty Jean Dickens, Willie Clarence Dickens and Mary Charlott Dickens.
Before CHIASSON, EDWARDS and LEAR, JJ.
CHIASSON, Judge.
Plaintiffs-appellants, some of the heirs of Henry and Katie Sterling, appeal the judgment of the trial court sustaining the exceptions filed by C. Marshall Martin, Inc. and Gladys D. Honore, testamentary executrix of the Estate of Felix J. Honore, defendants-appellees. Appellants also appeal the order of the trial court compelling deponents to answer certain questions and the order awarding attorney fees to appellees and Alex Pitcher, Jr. in connection therewith.

ON EXCEPTIONS OF PRESCRIPTION
Plaintiffs instituted suit seeking to nullify an August 21, 1956, judgment ordering the public sale of 26.65 acres of land located in Section 55, Township 7 South, Range 1 East, East Baton Rouge Parish, Louisiana, belonging to the Succession of Henry Sterling.
The basis of appellants' suit is their allegation that the signature of Katie Stern Sterling, the duly qualified administratrix of the Succession of Henry Sterling, was forged on the verification of various pleadings filed by her attorney in connection with the succession proceedings, including particularly, the verification of the petition to sell at public sale.
Pursuant to the order of the court, the sheriff sold the property at public sale on September 26, 1956, to Felix Honore, and the sheriff's deed dated October 8, 1956, was duly recorded in Original 31 of Bundle 3819, Conveyance Book 1267, Folio 455 of the records of East Baton Rouge Parish, Louisiana. The Honores lived openly and without disturbance on the property until the sale of said property on December 17, 1973, to the defendant-appellee, C. Marshall Martin, Inc.
*1233 Made defendants herein are C. Marshall Martin, Inc., present owner of the property sold at the sheriff's sale; the remaining heirs of Henry and Katie Sterling who did not join with the plaintiffs; Alex Pitcher, Jr., former attorney for the Succession of Henry Sterling; and the Estate of Felix Honore and/or his heirs.
Appellees' exceptions of prescription of ten years, under Louisiana Civil Code Article 3474, et seq., were sustained by the trial court and plaintiffs' suit was dismissed in its entirety.
Louisiana Civil Code Article 3474 provides, as follows:
"Immovables are prescribed for by ten years, when the possessor has been in good faith and held by a just title during that time."
According to Louisiana Civil Code Article 3479, four conditions must concur to acquire ownership of immovables by ten year prescription. These conditions are:
"1. Good faith on the part of the possessor.
"2. A title which shall be legal, and sufficient to transfer the property.
"3. Possession during the time required by law, which possession must be accompanied by the incidents hereafter required.
"4. And finally an object which may be acquired by prescription."
Good faith is always presumed and bad faith must be proven. Louisiana Civil Code Article 3481. Appellants have failed to show any evidence of bad faith on the part of Felix Honore. There is no allegation nor evidence that Felix Honore knew of any alleged forgery or that he was a part of any scheme to defraud Katie Stern Sterling and/or the appellants herein. On the other hand, the evidence shows that Katie Stern Sterling attended the sheriff's sale when the property was bid in by Mr. Honore; that she made no opposition to the sale; and that from all appearances, she acquiesced in and approved the public sale of the property. Felix Honore, therefore, was acting in good faith when he purchased the subject property at the sheriff's sale.
Appellants further argue that C. Marshall Martin, Inc. was in bad faith because its attorney undertook a title examination on its behalf. The good or bad faith of C. Marshall Martin, Inc. is irrelevant for two reasons: first, the possession of C. Marshall Martin, Inc. is unnecessary to establish ten-year good faith acquisitive prescription since the Honores owned and possessed the property for over seventeen years; second, in accordance with Louisiana Civil Code Article 3482, it is only necessary that possession be commenced in good faith and whether its successor in title is in good faith or bad faith, he is able to "tack" the good faith possession of his author in title. Devall v. Choppin, 15 La. 566 (La.1840) and Liuzza v. Heirs of Nunzio, 241 So.2d 277 (La.App. 1st Cir. 1970).
The second condition requires a title which is legal and sufficient to transfer the property.
Appellees contend the sheriff's deed had no defects apparent on its face and is translative of ownership.
Appellants contend the petition to sell at public sale filed in the succession proceeding is part of the title which appellees must rely upon.
Louisiana Revised Statutes 13:3716 provides:
"In any petitory action or other suit to try or establish title to immovable property, where the litigant upon whom the onus rests of proving title shall offer in evidence in support thereof the deed of any sheriff, succession representative, trustee in bankruptcy, receiver, constable, auctioneer or other person authorized by the laws of this state or of the United States to make public sales, if the same be fair on its face, be duly recorded and purport to convey title from one person to another, such deed shall be prima facie evidence of the authority of the officer or other functionary who made and delivered it and shall moreover be deemed prima facie proof of such sale."
*1234 The deed was introduced into evidence, it was fair on its face, it was duly recorded, and it purports to convey title from one person to another. The sheriff's deed itself has been held to be sufficient to serve as the basis for a prescriptive title. Hamilton v. Rickerson, 185 La. 199, 168 So. 774 (1936) and King v. Board of Commissioners for the Atchafalaya Basin Levee District, 148 So.2d 138 (La.App. 3rd Cir. 1962).
In addition to the sheriff's deed, valid in form and translative of ownership, we have a writ directing the sheriff to sell at public sale and the judgment of a competent court ordering the issuance of the writ. If more than the deed itself is required, the writ and the order of a competent court coupled therewith are sufficient to serve as the basis for acquisitive prescription. Leverett v. Loeb, 117 La. 310, 41 So. 584 (1906).
Further, a bona fide purchaser at a judicial sale is required only to look to the court's jurisdiction and need not look into the truth of the court's proceedings. The order to sell protects the purchaser from any irregularities contained in the proceedings. Hammond v. Gibbs, 176 So.2d 465 (La.App. 2nd Cir. 1965); Webb v. Keller, 39 La.Ann. 55, 1 So. 423 (1887); Levenson v. Chancellor, 68 So.2d 116 (La.App.Orl.1953).
In Callahan v. Authement, 99 So.2d 531 (La.App. 1st Cir. 1957), this court stated: "* * * Any defect in the title must be shown, so to speak, within the four corners of the act of sale or transfer, on its face." (p. 539).
"* * * From the codal provisions and the jurisprudence on this point the following rule may be drawn: an absolute nullity affecting a transfer of immovable property, but not appearing on the face of the title itself, does not prevent the running of ten years prescription acquirendi causa, provided the other requisites of such prescription are present." (p. 544).
In the instant case, there is no irregularity appearing on the face of the title. The forgery complained of by the appellants, if it does exist, is dehors the instrument conveying title and cannot be urged against an innocent purchaser.
Conditions three and four are not disputed. The uncontradicted evidence shows that after purchasing the property, Felix Honore cleared the property, fenced it and built two houses. He had peaceful, opened and uninterrupted possession of the property as owner for over seventeen years. It is also undisputed that the subject property is an object which may be acquired by acquisitive prescription.
The trial court properly sustained appellees' exceptions of prescription and C. Marshall Martin, Inc. is declared to be the owner of the following described property, to wit:
"A certain tract or parcel of land situated in the Parish of East Baton Rouge, State of Louisiana, in Section fifty-five (55), Township seven (7), South Range One (1) East, containing twenty-six and sixty-five one-hundredths (26.65) acres, being a portion of Lot number five (5), as shown on map annexed to act of partition of record in Book No. 30, Folio 343, of the Conveyance Records of this Parish; said tract being bound now or formerly, as follows: on the North by land belonging to the heirs of L.R.A. Caillouet, on the East by land of Lawrence Messina, on the South by land of Laura Acey White, and on the West by land of Mrs. Lena Monachello; being the same property acquired by the late Henry Stirling as per act of sale with mortgage of record in Book 86, Folio 301, of the conveyance records of the Parish of East Baton Rouge."
However, the trial court erred in dismissing the suit against Alex Pitcher, Jr. Pitcher was not a party to the exceptions nor could he have urged the exception of acquisitive prescription. We amend the trial court's judgment to dismiss the suit only as to C. Marshall Martin, Inc. and Gladys D. Honore, as testamentary executrix of the Estate of Felix J. Honore.

ON MOTION TO COMPEL AND THE AWARD OF ATTORNEY FEES
A deposition was called by the defendants-appellees. After questioning on other *1235 matters, deponent Bernard Sterling was asked to identify signatures on some documents; namely, an oil, gas and mineral lease, a cash sale, a mortgage and the succession records of Henry Sterling. At this time, counsel for plaintiffs-appellants, interjected that "... we are not identifying or recognizing any signatures on any documents you present." He further instructed his client not to identify any signatures on any of the documents.
When asked the reason for such instruction to his client, counsel stated that he did not see the relevancy of it. He informed counsel for defendants-appellees that were Voltaire Sterling brought in to identify the same documents, he would also be advised to refrain from making any statement or identifications regarding the signatures thereon. The deposition was terminated.
Thereafter, defendants filed a Motion to Compel and plaintiffs filed a Motion for a Protective Order. A hearing was held and the trial judge held that the plaintiffs were unreasonable in not allowing the deponents to continue answering questions and signed the Motion to Compel. He stated he would award attorney fees at a later date. At the hearing on the exception of ten years acquisitive prescription, the trial judge awarded five hundred dollars for each attorney.
Plaintiffs-appellants argue on appeal that the documents that opposing counsel was referring to are not a part of the litigation. They argue that the trial court had limited the issue of forgery to the petitions to sell and since the appellees have been provided with known copies of Katie Sterling's signature, the documents presented at the deposition were immaterial and irrelevant. Therefore, plaintiffs-appellants argue that the trial court erred in granting the Motion to Compel and also argue that the award of five hundred dollars per attorney is clearly unreasonable and unjust.
The defendants-appellees argue that, since signatures and their falsifications are the chief issue in the case, any and all signatures purporting to be those of Mrs. Sterling are relevant, especially those pertaining to the Succession of Henry Sterling. The defendants-appellees contend that the deposition took about forty-five minutes (not counting the time for preparation); Motions to Compel Answers to Oral Interrogatories and accompanying memoranda were prepared and filed; the hearing which was held required time for preparation, and; furthermore, briefs were filed in support of the court's rulings.
The applicable law is found in the Code of Civil Procedure Article 1469, which reads in pertinent part:
* * * * * *
"(4) If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust."
* * * * * *
The appellate court will not disturb an award of attorney fees made by a trial court absent manifest abuse of the trial court's discretion in making that award. Duplechien v. McNabb, 260 So.2d 789 (La. App. 4th Cir. 1972).
The record is void of any indication that the award of expenses is unjust or that the conduct of the party who necessitated the motion was substantially justified. Therefore, the judgment of the trial court is affirmed.
All costs are assessed against plaintiffs-appellants.
AMENDED AND AFFIRMED.