ESTATE OF THOMAS E. GANNETT, ELLA J. GANNETT, ADMINISTRA-
TRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT.

Docket No. 45409. Filed July 14, 1955.

*Louis M. Jones, Esq.*, for the petitioner.
*James F. Hoge, Jr., Esq.*, for the respondent.

OPINION.

OPPER, *Judge:* Respondent determined a deficiency in estate tax of $800.26, all of which is contested by petitioner. The only issue remaining in controversy is the deductibility in full of administration expenses where decedent was a member of a Louisiana marital community. All of the facts have been stipulated.

The facts are found in accordance with the stipulation of the parties:

1. Petitioner is administratrix of the Estate of Thomas E. Gannett. Petitioner filed a United States Estate Tax Return, Form 706, on September 15, 1949 with the Collector of Internal Revenue at New Orleans, Louisiana * * *

2. The statutory notice of deficiency was mailed to Estate of Thomas E. Gannett, Mrs. Ella Jones Gannett, Administratrix, 100 Poydras Street, New Orleans, Louisiana, on September 10, 1952.

3. The entire gross estate of Thomas E. Gannett in the amount of $120,670.79 represented his one-half community interest.

4. The following expenses were incurred subsequent to the death of Thomas E. Gannett:

| | |
|---|---:|
| Attorneys' fees | $8,500.00 |
| R. H. Krutz—Appraiser | 312.50 |
| H. J. Rosenmeier—Appraiser | 312.50 |
| Louis M. Jones—Notarial fees | 1,250.00 |
| Court costs | 173.33 |
| Newspaper notices | 76.25 |
| Premium—Administratrix's bond (Louisiana) | 322.55 |
| Premium—Administratrix's bond (Mississippi) | 5.00 |
| Wm. B. Jones & Company—Accounting and tax services | 1,545.00 |
| Total | $12,497.13 |

5. The only purpose for the administration of the estate of Thomas E. Gannett was to pay state and federal inheritance taxes. The sole heir to the estate of Thomas E. Gannett was the surviving wife, Mrs. Ella Jones Gannett.

In the notice of deficiency, respondent decreased deductions of the estate in the amount of $6,248.57, with the following explanation:

| Funeral and administration expenses | Returned | Determined |
|---|---|---|
| Attorneys' fees | $8, 500. 00 | $4, 250. 00 |
| Miscellaneous administration expenses | 3, 997. 13 | 1, 998. 57 |
| Total | $12, 497. 13 | $6, 248.57 |

It is held that only one-half of the amount of attorneys' fees and miscellaneous administration expenses claimed on the return is deductible from decedent's gross estate, since the other one-half thereof is chargeable against the surviving spouse's share of the community property.

Respondent having abandoned his claim respecting decedent's insurance, we have for consideration only the deductibility of the one-half of the administration expenses, consisting primarily of attorneys', accountants', and notarial fees, which respondent failed to allow. The total amount is not in dispute, but respondent presses his disallowance on the ground that the whole community estate was administered and hence that petitioner's share of the expenses was only one-half.

Whatever may be the rule as to general administration expense where either the entire estate is the subject of administration, see *Estate of Oscar Levy*, 42 B. T. A. 991, or the parties agree to an apportionment of the administration costs, see *Lang's Estate* v. *Commissioner*, (C. A. 9) 97 F. 2d 867, the latter authority, which has several times been cited with approval, see e. g., *Austin Leigh Claiborne et al.*, *Executors*, 40 B. T. A. 722, requires that expenses peculiarly applicable to the decedent's estate be allocated entirely to it.

Thus in the *Lang* case, *supra*, attorney's fees due "in connection with the settlement and adjustment of the tax liability of the Federal and state estate taxes" were held to be deductible in full: "We hold that the Board was in error in not permitting the full deduction of these items. It is immaterial that the expense was incurred in the course of the administration of the entire community estate. They were incurred solely for and on behalf of that portion of the community estate which was subject to decedent's disposition and which made up the 'estate' subject to tax by the state and federal governments. The portion of the community automatically distributed to the decedent's wife, and which is no part of the gross estate under the Revenue Act, was unconcerned with such tax liability and derived no benefit from the services rendered and expenses incurred."

The present facts are even stronger. The parties have stipulated that "The only purpose for the administration of the estate * * * was to pay state and federal inheritance taxes." And while it is true the

*Lang* case was decided under the community property law of the State of Washington, as we said in *Estate of Oscar Levy, supra,* "No contention is made by the parties that the Louisiana law on this point is different." And see *Vaccaro* v. *United States,* (E. D., La.) 55 F. Supp. 932, affd. 149 F. 2d 1014.

We conclude that the administration expense is, under the present facts, deductible in full.

*Decision will be entered for the petitioner.*