*Decision will be entered under Rule 50.*

ESTATE OF WILLIAM G. HELIS, DECEASED, WILLIAM G. HELIS, JR., EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 55958. Filed April 25, 1956.

*Charles D. Marshall, Esq.*, for the petitioner.
*Robert B. Wallace, Esq.*, for the respondent.

146

148

OPINION.

ARUNDELL, *Judge:* Section 812 (b) (2) of the Internal Revenue Code of 1939 provides that for the purpose of the estate tax the value of the net estate shall be determined "by deducting from the value of the gross estate * * * such amounts * * * for administration expenses * * * as are allowed by the laws of the jurisdiction * * * under which the estate is being administered * * *." Section 81.32 of Treasury Regulations 105, relating to the estate tax under the 1939 Code, provides that "Administration expenses include (1) executor's commissions; (2) attorney's fees; and (3) miscellaneous expenses." The instant estate is being administered under the laws of the State of Louisiana.

The law of Louisiana regarding the question of who bears the cost of administering a community estate depends upon the factual determination of whether administration is necessary for the settlement of the affairs of the entire community or whether administration is necessary only for the purpose of facilitating the computation and payment of the State and Federal inheritance and estate taxes due by the estate. If administration is necessary for the settlement of the affairs of the entire community, the administration expenses are to be borne by

the decedent's share of the community and the wife's share equally. If, on the other hand, administration is necessary only for the purpose of facilitating the computation and payment of the State and Federal taxes due by the estate, the administration expenses are to be borne entirely by the decedent's share of the community. *Succession of Helis*, 226 La. 133, 75 So. 2d 221, and cases therein cited.

In *Estate of Thomas E. Gannett*, 24 T. C. 654, which involved an estate being administered under Louisiana law, it was stipulated as a fact that "The only purpose for the administration of the estate of Thomas E. Gannett was to pay state and federal inheritance taxes" and as a result of that stipulation we held that the administration expenses were deductible in full by the estate under section 812 (b) (2) of the 1939 Code.

In the instant case the executor testified specifically that there would have been no administration of the estate except for the complicated Federal and State inheritance taxes due from the estate. In this connection it was pointed out that the community estate was in excess of $10,000,000; that it had community debts of only $713,180.50; and that there were ample liquid assets in excess of $2,000,000 available to pay such debts. This evidence stands uncontradicted and we have made a finding to that effect. Our finding is the same as was made by the Civil District Court of Orleans Parish and affirmed by the Supreme Court of Louisiana, with two justices dissenting, in *Succession of Helis, supra*. In that case the precise question here involved was likewise raised by the State inheritance tax collector for the Parish of Orleans where the instant estate is being administered. The executor, as in the instant case, sought to deduct from the gross estate of the decedent the entire costs incurred and paid by the executor in administering the entire community, including the fees of the attorneys and the executor, which were admittedly computed or measured by the appraised value of the community. The tax collector contended that only half of such costs was legally chargeable to the decedent's share of the community and that the other half was chargeable to the surviving widow's share. The District Court decided in favor of the executor. In affirming that decision, the Supreme Court, in the course of its majority opinion written by the chief justice, said:

Despite loose expressions in some of the decisions to the contrary, ever since *Dixon* v. *Dixon's Exrs.*, 4 La. 188, was decided in 1832, title to half of the community property from the very moment of its acquisition is, under our civil law system, vested in the wife, irregardless in whose name acquired. * * * And while it is true the jurisprudence is to the effect that the cost of administering a community estate, including the fee of the attorneys, is to be borne by the decedent's share of the community and the wife's share equally, as is

true when an ordinary commercial partnership is under liquidation, *the administration of the community estates in the authorities relied on by the collector was necessary for the settlement of the affairs of the entire community,* that is, for the purpose of determining the amounts of and liquidating the obligations of the community, and the division, thereafter, of the net assets equally between the two spouses, or their estates. *In the instant case the evidence in* [sic] *uncontroverted that an administration of the community was totally unnecessary except for the purpose of facilitating the computation and payment of the inheritance taxes due by the estate of the decedent alone under the very complicated federal inheritance tax laws.* Consequently, we do not think the authorities relied on by the tax collector are controlling under the peculiar facts of this case. [Italics supplied.]

In view of our finding that if it had not been for the problems imposed by the State and Federal inheritance and estate tax laws, the administration of decedent's estate would not have been necessary, we hold that the administration expenses in the total amount of $616,146.90 should be allowed as a deduction from the gross estate. *Estate of Thomas E. Gannett, supra; Succession of Helis, supra.* Cf. *Vaccaro* v. *United States,* 55 F. Supp. 932. See also the recent decision (Oct. 17, 1955) by the United States District Court for the Western District of Louisiana in *McCullough* v. *United States,* 134 F. Supp. 673, where it was held that the estate there involved was entitled to deduct the entire amount of the administration expenses. In that case, Judge Hunter recognized that under the law of Louisiana there were situations, particularly where the marital community itself was heavily involved, that required the proration of administration expenses between the separate estate of a deceased Louisiana citizen and the survivor, but that the case presently before the court was not such a case. The court said:

Here, the total community debt was $309.90, and the community had cash on hand in excess of $45,000; and here, too, the widow was the sole legatee and the sole heir. We cannot distinguish the instant case from one recently decided by the Supreme Court of Louisiana, *Succession of Helis,* 226 La. 133, 75 So. 2d 221, 222.

In view of what we have said above, we do not deem it necessary to discuss respondent's argument that the decision in *Succession of Helis, supra,* was collusive in the sense that the cause of action was nonadversary or in the nature of a consent decree and, therefore, not binding in the instant litigation. Suffice it to say that we have carefully considered the argument made by the respondent and find it to be without merit. The litigation in *Succession of Helis, supra,* was real and absolutely necessary in the disposition of the tax questions there involved.

*Decision will be entered under Rule 50.*